# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

VAN A. LUPO,　　　　　　　　　　)
　　　　　　　Plaintiff　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　　C.A. Number
　　　　　　　　　　　　　　　　　)
BANKAMERICA CORPORATION,　　　　 )
　　　　　　　Defendant　　　　　　)

**04-40202**

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

1. Plaintiff /Consumer, Van A. Lupo, brings this action for compensatory, exemplary, and punitive damages against Defendant pursuant to Defendant's violations of the Consumer Credit Protection Act, 15 U.S.C. §1601 *et seq* (hereinafter, "CCPA"); the Massachusetts Consumer Credit Disclosure statutes, M.G.L. c. 140D *et seq* (hereinafter, "Credit Disclosure Statues"); the Division of Banks and Loans Regulatory Code promulgated by the commissioner of Banking for the Commonwealth of Massachusetts, 209 CMR 32.00 *et seq* (hereinafter, "Disclosure Regulations"); and Massachusetts Consumer Protection Act, M.G.L. C 93A (hereinafter, "Ch. 93A") due to

   a. Defendant's blatant, unfair, and deceptive refusal to disclose credit card information, namely the signature page of the application, requested by Plaintiff;

   b. Failure to remove reported negative credit history from the three major credit reporting companies' public records;

   c. And refusal to meet its burden of proof to show that the credit use was authorized. Plaintiff also asserts common law claims for relief against said Defendant.

## Jurisdiction and Venue

2. This Court's Jurisdiction arises under 15 U.S.C. §1601(d) and 28 U.S.C. §1331. This Court has Supplemental Jurisdiction to hear and adjudicate Plaintiff's claims arising under state law pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(c).

## Parties

4. Plaintiff Van A. Lupo is a natural person and individual who resides in Hopedale, Massachusetts, Worcester County.

5. Defendant BankAmerica Corporation is a Corporation incorporated in the State of Delaware. At all times relevant to this Complaint it was engaged and still is engaged in substantial business in the Commonwealth of Massachusetts.

## Factual Allegations

6. A person reputing to be with BankAmerica Corporation and claiming that Mr. Lupo had an outstanding balance with BankAmerica from a credit card issued in September of 1992 called plaintiff Van A. Lupo on his cellular phone in the fall of 2003. Up until that point, Mr. Lupo was never aware of any credit card, never mind a balance, with BankAmerica Corporation.

7. Mr. Lupo informed that person that he was divorced and that his ex-wife was responsible for much of the credit card debt, and perhaps BankAmerica Corporation should be calling her. The BankAmerica Corporation representative noted that the credit card was allegedly a joint account.

8. Mr. Lupo requested that he be sent an original copy of the signature page of the credit card application to verify that it was indeed his signature. No such signature page was forthcoming.

9. In December of 2003 Mr. Lupo requested a credit report from Trans Union and received said credit report.

10. Mr. Lupo noticed that BankAmerica Corporation had reported this account to Trans Union as "charged off as bad debt" (attached hereto as Exhibit A)

11. Mr. Lupo disputed the report from BankAmerica Corporation to Trans Union, and in February of 2004, Trans Union reported back to Mr. Lupo that the BankAmerica Corporation report was "verified" (attached hereto as Exhibit B).

12. When Mr. Lupo learned that BankAmerica Corporation was continuing to report the credit card balance on his credit report, he attempted to call BankAmerica Corporation to resolve this matter.

13. At that time, Mr. Lupo was informed that an Attorney Eskoner, a professional debt collector, was handling the BankAmerica Corporation account.

14. Mr. Lupo spent the next few weeks attempting to contact Attorney Eskoner, and finally learned that Attorney Eskoner's firm had closed the account and returned it to BankAmerica Corporation on March 22, 2004.

15. Mr. Lupo then retained counsel. On May 27, 2004, present counsel, called BankAmerica Corporation's credit card department and spoke with a Ms. Laura Taffea [sic]. Ms Taffea [sic] told present counsel to send a formal letter of dispute to BankAmerica Corporation's Credit Dispute Bureau.

16. On May 27, 2004, present counsel sent a letter, via facsimile and certified mail to BankAmerica Corporation Credit Dispute Bureau requesting that they produce the signature card. (Attached hereto as Exhibit C).

17. As of July 23, 2004 BankAmerica Corporation is still reporting this credit card debt as "charged off" (Experian credit report attached hereto as Exhibit D).

18. As of this date, BankAmerica Corporation has failed to produce the signature card or acknowledge the letter.

## COUNT I

## VIOLATIONS OF THE FEDERAL CONSUMER CREDIT PROTECTION ACT
## 15 U.S.C. §1601, *et seq*

19. The allegations of paragraphs 1-18 are realleged and incorporated herein as if fully set forth.

20. At all times relevant to this complaint Plaintiff was a "consumer" within the meaning of 15 U.S.C.§1602(h).

21. The credit at issue here constitutes "credit" within the meaning of 15 U.S.C. §1602(e) and the debt was incurred as a result of credit used on a "credit card" within the meaning of 15 U.S.C. § 1602(k).

22. At all times relevant to this complaint Defendant was a "creditor" within the meaning of 15 U.S.C. §1602(f), to wit, it regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and

23. Defendant violated the Consumer Credit Protection Act in the following respects:

(a) Defendant violated 15 U.S.C. §1637 by refusing, despite numerous requests by the Plaintiff, to disclose the relevant information, such as the signature page of the application, of the credit card at issue in the present case;

(b) Defendant violated 15 U.S.C.§1642 by issuing a credit card in the Plaintiff's name without being in response to a request or application from the Plaintiff;

(c) Defendant violated 15 U.S.C.§1643 by shifting the burden of proof to the Plaintiff to prove to the Defendant and the three major credit reporting agencies, that he was not liable for the use of the credit card;

(d) Defendant is in violation of 15 U.S.C. §1611 because it willfully and knowingly failed to provide information which it is required to disclose under the provisions of the federal Consumer Credit Protection Act.

24. WHEREFORE, the Defendant is liable to Plaintiff for the cost of this action, together with reasonable attorney's fees.

## COUNT II

## VIOLATIONS OF THE MASSACHUSETTS CONSUMER CREDIT DISCLOSURE ACT
## M. G. L. c. 140D *et seq*

25. The allegations of paragraph 1-24 are realleged and incorporated as if fully set forth herein.

26. Defendant is a "Creditor" within the meaning of M.G.L. c. 140D §1

27. Defendant has engaged in the following conduct in violation of the Massachusetts Consumer Credit Disclosure Act:

   (a) Defendant violated M.G.L. c. 140D §11 by refusing, despite numerous requests by the Plaintiff, to disclose the relevant information, such as the signature page of the application, of the credit card at issue in the present case;

   (b) Defendant violated M.G.L. c. 140D §25 by issuing a credit card in the Plaintiff's name without being in response to a request or application from the Plaintiff;

   (c) Defendant violated M.G.L. c. 140D §26 by shifting the burden of proof to the Plaintiff to prove to the Defendant and the three major credit reporting agencies, that he was not liable for the use of the credit card;

   (d) Defendant is in violation of M.G.L. c. 140D §31 because it willfully and knowingly failed to provide information that it is required to disclose under the provisions of the Massachusetts Consumer Credit Disclosure Act.

28. WHEREFORE, the Defendant is liable to Plaintiff for the cost of this action, together with reasonable attorney's fees.

## COUNT III

## VIOLATION OF DIVISION OF BANKS AND LOANS REGULATORY CODE
## 209 C.M.R. §32.00, *et seq*

29. The allegations of paragraph 1-28 are realleged and incorporated as if fully set forth herein.

30. Defendant has engaged in the following conduct in violation of the Division of Banks and Loan Agencies Rule, to wit, Defendant violated 209 CMR §32.05A by refusing, despite numerous requests by the Plaintiff, to disclose the relevant information, such as the signature page of the application, of the credit card at issue in the present case;

31. In addition, Defendant violated 209 CMR §32.05A(5)(d) by failing to promptly and fully disclose the information requested by the Plaintiff.

32. WHEREFORE, the Defendant is liable to Plaintiff for the cost of this action, together with reasonable attorney's fees.

## COUNT IV

## VIOLATION OF MASSACHUSETTS CONSUMER PROTECTION ACT
## M.G.L. c. 93A

33. The allegations of paragraph 1-32 are realleged and incorporated as if fully set forth herein.

34. The acts and practices of BankAmerica Corporation, in failing to disclose to Mr. Lupo the information he requested on his alleged credit card use, constitutes an unfair or deceptive act or practice pursuant to Massachusetts General Laws Chapter 93A, §§ 2 and 9.

35. The actions of the defendant described above were performed willfully and knowingly.

36. As a result of the unfair or deceptive acts or practices of the Defendant, the Plaintiff has lost the ability to apply for and receive credit, and has sustained financial burdens in pursuing the relief requested.

37. In May 2004, the Plaintiff, through his attorney, sent to the defendant by certified mail, postage prepaid, a written demand for relief pursuant to M.G.L. c. 93A, § 9, identifying the claimants and reasonably describing the unfair acts or practices relied on and the injuries suffered. A copy of this letter is attached hereto as Exhibit C.

38. As of the date of this Complaint, the Defendant has failed to respond to the letter in any form or manner.

39. WHEREFORE, the Defendant is liable to Plaintiff for damages and the cost of this suit, including reasonable attorney's fees.

## COUNT IV
### LIBEL

40. The allegations of paragraph 1-39 are realleged and incorporated as if fully set forth herein.

41. To prove libel, first there must be a statement, in writing or a similarly permanent form, which has the effect of harming the Plaintiff's reputation in the community. By reporting negative credit to the three major credit reporting company, and by knowing that that information would be disseminated to anyone requesting credit information on the Plaintiff, the Defendant made a written statement that had the effect of harming the Plaintiff's reputation.

42. Second, the defamatory statement must also be false and untrue and the Defendant has the burden of proving the truth of the statement as an affirmative defense. The Plaintiff claims that he did not knowingly and willingly sign the signature page on the credit application with the Defendant. The Defendant, despite numerous requests, has failed to produce such proof. Thus the statement to the credit reporting agencies is false and untrue.

43. Third, there must be a publication of the defamatory matter, meaning that at least one person other than the parties to an action for defamation must have been exposed to the defamatory material. By continuously reporting the libelous credit history to the major credit reporting agencies, and hence to all others who request a credit history of the Plaintiff, there has been publication of the defamatory matter.

44. WHEREFORE, the Defendant is liable to Plaintiff for damages, interest, plus costs of suit, including reasonable attorney's fees.

## DEMANDS

45. Plaintiff demands Trial by Jury on each Claim herein.

46. Plaintiff demands that the Defendant be ordered to remove the negative credit history from all credit reporting agencies and any other public record.

47. Plaintiff demands any other relief, including punitive damages, that this Honorable court deems just and equitable.


Respectfully Submitted,
Van A. Lupo
By His Counsel


Jill C. Shedd
652488

Law Office of Jill Shedd & Associates, P.C.
430 Franklin Village Drive
#212
Franklin, MA. 02038
508-720-9267

DATED:        10//5/04

# EXHIBIT A

*** 123574225-001 ***
P.O. BOX 2000
CHESTER, PA 19022

YOUR TRANS UNION FILE NUMBER: 123574225
PAGE 1 OF 9
DATE THIS REPORT PRINTED: 12/19/2003

RETURN SERVICE REQUESTED

SOCIAL SECURITY NUMBER: ▓▓▓▓▓▓▓▓
BIRTH DATE:                    07/1957
YOU HAVE BEEN IN OUR FILES SINCE: 07/1977
PHONE: 479-3707

CONSUMER REPORT FOR:

*****
LUPO, VAN, ANTHONY
61 NECK HILL RD
HOPEDALE, MA 01747

FORMER ADDRESSES REPORTED:

57 BLACKSTONE ST, BELLINGHAM, MA 02019
1181 PACIFIC COVE LN, HUNTINGTON BEACH, CA 92648

EMPLOYMENT DATA REPORTED:

VENTRICOM INC                        PHOENIX TECHNOLO
DATE REPORTED: 12/2000               DATE REPORTED: 02/1995

JANSEN ASSC
DATE REPORTED: 12/1982

---

## YOUR CREDIT INFORMATION

---

THE FOLLOWING ACCOUNTS CONTAIN INFORMATION WHICH SOME CREDITORS MAY CONSIDER T
BE ADVERSE. ADVERSE ACCOUNT INFORMATION MAY GENERALLY BE REPORTED FOR 7 YEARS
FROM THE DATE OF THE FIRST DELINQUENCY, DEPENDING ON YOUR STATE OF RESIDENCE.
THE ADVERSE INFORMATION IN THESE ACCOUNTS HAS BEEN PRINTED IN >BRACKETS< FOR
YOUR CONVENIENCE, TO HELP YOU UNDERSTAND YOUR REPORT. THEY ARE NOT BRACKETED
THIS WAY FOR CREDITORS. (NOTE: THE ACCOUNT # MAY BE SCRAMBLED BY THE CREDITOR
FOR YOUR PROTECTION).

BANK OF AMERICA NA        # 4427100001870265     REVOLVING ACCOUNT
ACCOUNT CLOSED BY CONSUMER                       CREDIT CARD
   UPDATED   11/2003   BALANCE:        $13610    JOINT ACCOUNT
   OPENED    09/1992   MOST OWED:       $6599    CREDIT LIMIT:      $7100
   CLOSED    01/2001  >PAST DUE:       $13411<
  >STATUS AS OF 01/2001: CHARGED OFF AS BAD DEBT<

HOMECOMING FINANCIAL NET # 431193077             MORTGAGE ACCOUNT
CLOSED                                           CONVENTIONAL REAL ESTATE MTG
   UPDATED   12/2001   BALANCE:           $0     INDIVIDUAL ACCOUNT
   OPENED    01/1999   MOST OWED:     $319200    PAY TERMS: 360 MONTHLY $2540
   CLOSED    12/2001
  >STATUS AS OF 12/2001: 30 DAYS PAST DUE<
  >IN PRIOR 30 MONTHS FROM DATE CLOSED  1 TIME 30 DAYS LATE<

# EXHIBIT B

```
*** 123574225-004 ***                  YOUR TRANS UNION FILE NUMBER: 123574225
P.O. Box 2000                           PAGE  1 OF  9
Chester, PA 19022                       DATE THIS REPORT PRINTED: 02/26/2004

     RETURN SERVICE REQUESTED            SOCIAL SECURITY NUMBER:
                                        BIRTH DATE:            07/1957
                                        YOU HAVE BEEN IN OUR FILES SINCE: 07/1977
                                        PHONE: 479-3707
```

CONSUMER REPORT FOR:

```
        32 00000005 0001 C692VW
        *****
        LUPO, VAN, ANTHONY
        61 NECK HILL RD
        HOPEDALE, MA 01747
```

FORMER ADDRESSES REPORTED:

```
   1181 PACIFIC COVE LN, HUNTINGTON BEACH, CA 92648
   430 FRANKLIN VILL DR 212, FRANKLIN, MA 02038
```

EMPLOYMENT DATA REPORTED:

```
   DEPT OF PUBLIC HEALTH          VENTRICOM INC
   DATE REPORTED: 02/2004         DATE REPORTED: 12/2000

   PHOENIX TECHNOLO               JANSEN ASSC
   DATE REPORTED: 02/1995         DATE REPORTED: 12/1982
```

### INVESTIGATION RESULTS

WE HAVE COMPLETED OUR REINVESTIGATION AND THE RESULTS ARE SHOWN BELOW.

| ITEM | DESCRIPTION | RESULTS |
|---|---|---|
| BANK OF AMERICA NA | # 4427100001870265 | VERIFIED, NO CHANGE |
| DAIMLERCHRYLER SRV NTO | # 1100514170219001 | VERIFIED, NO CHANGE |
| DAIMLERCHRYLER SRV NTO | # 1100107380219001 | NEW INFORMATION BELOW |
| HOUSEHOLD FINANCE | # 216601000952338 | VERIFIED, NO CHANGE |
| HOMECOMINGS FINANCIAL NE | # 80200589961911001 | NEW INFORMATION BELOW |
| NORDSTROM FSB | # 84143061 | DELETED |
| HOUSEHOLD FINANCE | # 710001135429 | NEW INFORMATION BELOW |
| FIRST USA BANK NA | # 4246152013772095 | DELETED |
| WELLS FARGO BANK | # 6251900917232092 | DELETED |
| LIMITED EXPRESS | # 314333782 | DELETED |

# EXHIBIT C

# Law Office of Jill Shedd & Associates, P.C.

*Counselors at Law*

May 27, 2004

Credit Bureau Disputes
VA6-300-08-09
PO Box 1598
Norfolk, VA. 23501

## VIA FACSIMILE AND CERTIFIED MAIL

RE: Van Lupo

To whom it may concern:

I have been retained by Mr. Lupo to investigate a Bank of America charge card that showed up on December, 2003 credit reports from the three main credit reporting agencies. As you should be aware under 15 U.S.C. §1643 and under M.G.L. ch.140D §26 a cardholder is only liable for the unauthorized use of a credit card up to fifty ($50.00) dollars. In addition, these laws further state that "in any action by a card issuer to enforce liability for the use of a credit card, the burden of proof is upon the card issuer to show that the use was authorized ...". Mr. Lupo contends that he did not authorize the issuance of this card and requests proof that he signed said card application via the signature card you should have on record.

Here is the pertinent information that should assist you in obtaining the needed information:

Name: Van Anthony Lupo
SSN:  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
Address:
      61 Neck Hill Road
      Hopedale, MA.  01747
Phone Number:
      508-453-0056
Alleged Account Number:
      442710000001870265

430 Franklin Village Drive
#212
Franklin, MA. 02038

508-720-9267 phone
508-473-3817 fax

info@sheddlaw.com
www.sheddlaw.com

929 Massachusetts Avenue
Level 01
Cambridge, MA. 02139

617-576-5500 phone
617-868-2520 fax

I would appreciate a quick response as this "charge off as bad debt" rating on his credit card is hurting his ability to apply for credit. I would also appreciate that you correspond with me on this matter at my Franklin, MA address which is:

430 Franklin Village Drive
#212
Franklin, MA.  02038
508-720-9267
508-574-3817 (fax)
jshedd@sheddlaw.com

Regards,

Jill Shedd

Jill Shedd

mlc/JCS
Cc:     Van Lupo
Enc:    Copy of credit report

LAW OFFICE OF JILL SHEDD & ASSOCIATES,
COUNSELORS AT LAW

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|-----|-------|
| Credit Disputes Bureau | Jill Shedd |

| COMPANY | DATE |
|---------|------|
| BankAmerica | 5/27/2004 |

| FAX NUMBER | TOTAL NO. OF PAGES INCLUDING COVER |
|-----------|------|
| 757-677-4877  4679 | 4 |

| PHONE NUMBER | SENDER'S REFERENCE NUMBER |
|--------------|---------------------------|
| 800 732 9194 | |

| RE | YOUR REFERENCE NUMBER |
|----|-----------------------|
| Proof of signature | CONS-LUP001 |

☐ URGENT    ☐ FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLE

NOTES/COMMENTS:

110 FRANKLIN VILLAGE DRIVE #212    999 MASSACHUSETTS AVEN
FRANKLIN, MA 02038    CAMBRIDG
508-736-9762  PHONE
508-473-3817  FAX
INFO@SHEDDLAW.COM
WWW.SHEDDLAW.COM

**hp officejet d135**
**printer/fax/scanner/copier**

**Fax-History Report** for
Jill Shedd
1-508-966 2420
May 27 2004 4:23pm

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|------|------|------|----------------|----------|-------|--------|
| May 27 | 4:22pm | Fax Sent | 17576774874 | 1:08 | 4 | OK |



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

NORFOLK, VA 23501-9715

Postage | $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees | $

UNIT ID: 0410

Postmark Here

MAY 28 2004

USPS

Sent To Bank America VA6-300-08-09
Street, Apt. No.
or PO Box No. PO Box 1598
City, State, ZIP+4 Norfolk, VA 23501

PS Form 3800, June 2002                    See Reverse for Instructions

7003 2260 0008 4484

# EXHIBIT D

Printable report

Page 1 of 25



 Close window

Report Number:
**3171077726**

Online Personal Credit Report from
Experian for VAN ANTHONY LUPO

Report Date:July 23, 2004

Index:
- Potentially negative items
- Accounts in good standing
- Requests for your credit history
- Personal information
- Important message from Experian
- Contact us

 **Print report**

Experian collects and organizes information about you and your credit history from public records, your creditors and other reliable sources. Experian makes your credit history available to your current and prospective creditors, employers and others as allowed by law, which can expedite your ability to obtain credit and can make offers of credit available to you. We do not grant or deny credit; each credit grantor makes that decision based on its own guidelines.

## Potentially Negative Items

back to top

### Credit Items

For your protection, the last few digits of your account numbers do not display.

#### BANK OF AMERICA

Address:
1825 E BUCKEYE RD
PHOENIX, AZ 85034

Account Number:
442710000187....

Status: Account charged off/Past due 150 days. $8,001 written off. $14,809 past due as of 6-2004.

| | | |
|---|---|---|
| Date Opened: 09/1992 | Type: Revolving | Credit Limit/Original Amount: $7,100 |
| Reported Since: 05/1994 | Terms: NA | High Balance: $15,029 |
| Date of Status: 01/2001 | Monthly Payment: $0 | Recent Balance: $15,029 as of 06/2004 |
| Last Reported: 06/2004 | Responsibility: Joint with SHERYL L LUPO | Recent Payment: $0 |

Comments:
Account closed at consumer's request

Account History:
Charge Off as of 6-2004, 5-2004, 4-2004, 3-2004, 2-2004, 1-2004, 12-2003, 11-2003, 10-2003, 9-2003, 8-2003, 7-

https://www.experian.com/consumer/cac/19_FullReport.jsp

7/23/2004

Printable report

2003, 6-2003, 5-2003, 4-2003, 3-2003, 1-2003, 12-2002,
10-2002, 9-2002, 8-2002, 7-2002, 5-2002, 4-2002, 3-2002,
1-2002, 12-2001, 11-2001, 10-2001, 8-2001, 7-2001, 6-
2001, 5-2001, 4-2001, 3-2001, 1-2001
150 days as of 12-2000
120 days as of 11-2000
90 days as of 10-2000
60 days as of 9-2000
30 days as of 8-2000


$14,814 05/2004
$14,608 04/2004
$14,399 03/2004
$14,206 02/2004
$14,002 01/2004
$13,802 12/2003
$13,610 11/2003
$13,415 10/2003
$13,229 09/2003
$13,040 08/2003
$12,853 07/2003
$12,675 06/2003
$12,491 05/2003
$12,315 04/2003
$12,136 03/2003
$11,976 03/2003
$11,802 01/2003
$11,631 12/2002
$11,468 12/2002
$11,291 10/2002
$11,128 09/2002
$10,961 08/2002
$10,803 07/2002

Between 7-2002 and 5-2004, your credit limit/high balance
was $7,100


## CHEVRON U S A

PO BOX 5010
CONCORD, CA  94524

Account Number:
725034....

Collection account/Never late. $363 past due as of
5-2004.

| | | |
|---|---|---|
| 06/1988 | Revolving | $467 |
| 04/1994 | 1 Months | |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _Van A. Lupo_ v. _Bank of America_

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

    ☐    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

    ☐    IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.    04-40202

    ☐    V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?    YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?    YES ☐    NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).    YES ☐    NO ☒

    A.    If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ☐    Central Division ☐    Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ☐    Central Division ☒    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)    YES ☐    NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME _Jill Shedd_

ADDRESS _430 Franklin Village Drive #212   Franklin, MA 02038_

TELEPHONE NO. _508-120-9267_

**JS 44** (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Van A. Lupo

### DEFENDANTS

Bank of America

**(b)** County of Residence of First Listed Plaintiff    Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Jill C. Shedd
430 Franklin Village Drive #Ala
Franklin, MA 02038

Attorneys (If Known)

04-40202

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☒ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☒ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. 81640 et seq — Violation of Federal Consumer Credit Protection Act

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE  9/29/04

SIGNATURE OF ATTORNEY OF RECORD
Jill C. Shedd

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____