UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAN A. LUPO<br><br>                    Plaintiff,<br><br>        v.<br><br>BANK OF AMERICA<br>CORPORATION<br><br>                    Defendant | Civil Action No. 04-40202-FDS<br>Hon. F. Dennis Saylor IV<br><br>Complaint Filed: September 29, 2004 |

## DEFENDANT'S, BANK OF AMERICA, N.A. (USA), ANSWER AND COUNTERCLAIM

The Defendant, Bank of America Corporation (the "Bank"), hereby files its response to the Complaint of the Plaintiff, Van A. Lupo, ("Mr. Lupo"), paragraph-by-paragraph as set forth herein. Bank of America Corporation is a publicly-traded company and is the parent corporation of NB Holdings Corporation. Bank of America Corporation did not issue any credit to Mr. Lupo and is not a proper party to this action.

### Introduction

1. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences, and conclusions of law contained in Paragraph 1 and subparts a. through c. of the Complaint, and, therefore denies the allegations.

3946490v2

## Jurisdiction and Venue

2.  The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences, and conclusions of law contained in Paragraph 2 of the Complaint and, therefore, denies that jurisdiction is proper.

3.  The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences, and conclusions of law contained in Paragraph 3 of the Complaint and, therefore, denies that venue is proper.

## Parties

4.  The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences, and conclusions contained in Paragraph 4 of the Complaint concerning Mr. Lupo and, therefore, denies the allegations.

5.  The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 5 of the Complaint. The Bank further answers this Complaint in the name of Bank of America, N.A. (USA) which is a credit card company with a principal place of business in Phoenix, Arizona. The Bank further answers by stating that on September 30, 1998, NationsBank of Delaware, N.A. ("NationsBank") merged with Bank of America Corporation and then NationsBank changed its name to Bank of America. The Credit Card Account Statements for the Lupos changed from NationsBank to Bank of America beginning with the April 10, 1999 Statement but the account number remained the same. A copy of the April 10, 1999 Account Statement to the Lupos is attached as Exhibit 1.

## Factual Allegations

6. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 6 the Complaint and, therefore, denies the allegations. The Bank further answers by stating that at all times, Mr. Lupo was aware of his obligations to the Bank under the credit card accounts he shared jointly with his ex-wife, Sheryl Lupo. Specifically, the Bank opened a credit card account for Mr. & Mrs. Lupo on or about September 9, 1992, Account Number 4356-1700-0004-3854 and then later updated the account to a Platinum Account, Number 4427-1000-0187-0265 ("Visa Platinum Account"). The Bank further states that credit was issued to Mr. & Mrs. Lupo in accordance with the terms and conditions of the Credit Card Account Agreement ("Agreement"). A copy of the Terms and Conditions for the Account Agreement is attached hereto as Exhibit 2.

7. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 7 the Complaint and, therefore, denies the allegations.

8. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 8 the Complaint and, therefore, denies the allegations. The Bank further answers by stating that Mr. Lupo has requested documentation concerning his account with the Bank and he has been provided with certain Account documentation.

9. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 9 the Complaint and, therefore, denies the allegations.

3946490v2

10. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 8 the Complaint and, therefore, denies the allegations. The Bank further answers by stating that since Mr. Lupo refused to make payment on his obligations to the Bank, the Bank reported the delinquent payments to the appropriate credit bureaus.

11. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 11 the Complaint and, therefore, denies the allegations.

12. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 12 the Complaint and, therefore, denies the allegations.

13. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 13 the Complaint and, therefore, denies the allegations.

14. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 14 the Complaint and, therefore, denies the allegations.

15. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 15 the Complaint and, therefore, denies the allegations.

16. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 16 the Complaint and, therefore, denies the allegations.

17.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 17 the Complaint and, therefore, denies the allegations. The Bank further answers by stating that since Mr. Lupo refused to make payment on his obligations to the Bank, the Bank charged-off his debt and reported the credit card account status to the appropriate credit bureaus.

18.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 18 the Complaint and, therefore, denies the allegations. The Bank further answers by stating that it has provided Mr. Lupo with documents establishing his liability to the Bank under the Credit Card Agreement and it has corresponded with counsel for Mr. Lupo.

## Count I
### (Violations of Federal Consumer Credit Protection Act)

19.     The Bank re-avers and restates each of its responses to the allegation and inferences contained in Paragraphs 1 through 18 of the Complaint and incorporates them by reference as if separately set forth herein.

20.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 20 the Complaint and, therefore, denies the allegations.

21.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 21 the Complaint and, therefore, denies the allegations.

22.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 22 the Complaint and, therefore, denies the allegations.

23. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 23 subparts (a) through (d) of the Complaint and, therefore, denies the allegations.

24. The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 24 of the Complaint.

### Count II
### (Violations of Massachusetts Consumer Credit Disclosure Act)

25. The Bank re-avers and restates each of its responses to the allegation and inferences contained in Paragraphs 1 through 24 of the Complaint and incorporates them by reference as if separately set forth herein.

26. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 26 the Complaint and, therefore, denies the allegations.

27. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations and inferences contained in Paragraph 27 subparts (a) through (d) of the Complaint and, therefore, denies the allegations.

28. The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 28 of the Complaint.

### Count III
### (Violation of Division of Banks and Loans Regulatory Code)

29. The Bank re-avers and restates each of its responses to the allegation and inferences contained in Paragraphs 1 through 28 of the Complaint and incorporates them by reference as if separately set forth herein.

3946490v2

30. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 30 the Complaint and, therefore, denies the allegations.

31. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 31 the Complaint and, therefore, denies the allegations.

32. The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 32 of the Complaint.

### Count IV
### (Violation of Massachusetts Consumer Protection Act)

33. The Bank re-avers and restates each of its responses to the allegation and inferences contained in Paragraphs 1 through 32 of the Complaint and incorporates them by reference as if separately set forth herein.

34. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 34 the Complaint and, therefore, denies the allegations.

35. The Bank denies the allegations, inferences and conclusions contained in Paragraph 35 of the Complaint.

36. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 36 the Complaint and, therefore, denies the allegations.

37. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 37 the Complaint and, therefore, denies the allegations.

38. The Bank denies the allegations, inferences and conclusions contained in Paragraph 38 of the Complaint.

39. The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 39 of the Complaint.

## Count V
## (Libel)

40. The Bank re-avers and restates each of its responses to the allegation and inferences contained in Paragraphs 1 through 39 of the Complaint and incorporates them by reference as if separately set forth herein.

41. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 41 the Complaint and, therefore, denies the allegations.

42. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 42 the Complaint and, therefore, denies the allegations.

43. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 42 the Complaint and, therefore, denies the allegations.

44. The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 44 of the Complaint.

## Demands

45. The Bank denies the allegations, inferences and conclusions contained in Paragraph 45 of the Complaint.

46.     The Bank denies the allegations, inferences and conclusions contained in Paragraph 46 of the Complaint.

47.     The Bank denies the allegations, inferences and conclusions contained in Paragraph 47 of the Complaint.

## Affirmative Defenses

1.      By way of affirmative defense, the Bank states that the Complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure.

2.      By way of affirmative defense, the Bank states that the Complaint should be dismissed under Rule 12(b)(1), Rule 12(b)(2), Rule 12(b)(6) and /or Rule 56 of the Federal Rules of Civil Procedure.

3.      By way of affirmative defense, the Bank states that the Complaint should be dismissed under Rule 12(b)(1) as this Court does not have subject matter jurisdiction over the claims alleged in the Complaint.

4.      By way of affirmative defense, the Bank states that the Complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure as there is no diversity jurisdiction and the claims of Mr. Lupo are not in excess of $75,000.

5.      By way of affirmative defense, the Bank states that Mr. Lupo has been unjustly enriched by the funds advanced to Mr. Lupo & Mrs. Lupo, and he would be further unjustly enriched by an award in this case and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

6. By way of affirmative defense, the Bank states that to the extent that Mr. Lupo has incurred any damages, the damages were caused by someone other than the Bank and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

7. By way of affirmative defense, the Bank states that to the extent it was required to act in a commercially reasonable manner, it did so, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

8. By way of affirmative defense, the Bank states that Mr. Lupo has failed to fully and properly comply with M.G.L. ch. 93A, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

9. By way of affirmative defense, the Bank states that Mr. Lupo failed to properly make a demand under M.G.L. ch. 93A, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

10. By way of affirmative defense, the Bank states that its actions, if any, were not the cause of the injuries or damages alleged by Mr. Lupo and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

11. By way of affirmative defense, the Bank states that the damages claimed were caused by matters beyond the control of the Bank, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

12. By way of affirmative defense, the Bank states that Mr. Lupo failed to mitigate his damages and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

13. By way of affirmative defense, the Bank states that Mr. Lupo has failed to comply with M.G.L. ch. 93A as the actions claimed did not occur substantially within the

Commonwealth of Massachusetts and, therefore, Mr. Lupo is not entitled to recover under M.G.L. ch. 93A against the Bank in this matter.

14. By way of affirmative defense, the Bank states that Mr. Lupo by his acts and conduct failed to perform under the Credit Card Agreement which excused any obligation of the Bank to perform and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

15. By way of affirmative defense, the Bank states that the claims are barred by the applicable statute of limitations.

16. By way of affirmative defense, the Bank states that Mr. Lupo failed to take action in connection with his divorce from Mrs. Lupo to pay the amount due on the Credit Card Account, and if anyone is liable to Mr. Lupo, it is his ex-wife, Sheryl Lupo and not the Bank.

17. By way of affirmative defense, the Bank states that the statements made concerning Mr. Lupo's Credit Card Account was true and, therefore, the Bank is not liable to Mr. Lupo.

18. By way of affirmative defense, the Bank states that its notification to the credit bureau of the status of the account, when reported, was substantially true in all respects and, therefore, Mr. Lupo is not entitled to recover against the Bank in the matter.

19. By way of affirmative defense, the Bank states that its actions in notifying the credit bureau of Mr. Lupo's liability under the Credit Card Agreement with his wife, Sheryl Lupo, was not malicious and, therefore, Mr. Lupo is not entitled to recover.

3946490v2

20.  By way of affirmative defense, the Bank states that Mr. Lupo did not mitigate his damages as it relates to his credit history, and, therefore, he is not entitled to recover damages for libel.

## Counterclaim

The Counterclaim Plaintiff, Bank of America, N.A., (USA) ("Bank"), brings this Counterclaim against the Counterclaim Defendant, Van A. Lupo, ("Mr. Lupo"), for breach of his Credit Card Agreement, unjust enrichment, and money had and received.

## Parties

1.  The Counterclaim Plaintiff, Bank of America, N.A. (USA), is a duly organized Arizona corporation with a place of business in Phoenix, Arizona.

2.  The Counterclaim Defendant, Van A. Lupo, is an individual who resided at 1181 Pacific Cove Lane, Huntington Beach, California with his wife, Sheryl Lupo. On information and belief, Mr. Lupo currently resides at 430 Franklin Village Drive, Franklin, Massachusetts.

## Count I
### (vs. Lupo for Breach of Credit Card Agreement)

3.  The Bank re-avers and re-alleges each of the allegations contained in Paragraph 1 through 2 of the Counterclaim and incorporates them by reference as if separately set forth herein.

4.  On or about July 28, 1989, Van Lupo and Sheryl Lupo married, and lived in Huntington Beach, California.

5.  On or about September 9, 1992, the Bank opened a Visa Credit Card Account for Sheryl L. Lupo and/or Van A. Lupo, Account Number 4356-1700-0004-3854.

3946490v2

6.   On May 2, 1998, May 23, 1998, December 3, 1998, April 5, 1999, and June 9, 1999, Mr. Lupo signed checks drawn on the joint checking account with Sheryl Lupo, and made payments to the account. The June 1999 credit card statement identified Mr. Lupo as the co-holder of the account with Sheryl Lupo. A copy of the cancelled checks and the Account Statements are attached hereto as Exhibit 3.

7.   On or about December 19, 1997, the Bank offered Sheryl Lupo and Van Lupo a "Platinum Priority Card Upgrade" which Sheryl Lupo prepared and sent to the Bank on their behalf and this resulted in their account being upgraded to a Platinum Account, Account Number 4427-1000-0187-0265. A copy of the Upgrade Form is attached hereto as Exhibit 4.

8.   Prior to March 2000, Mr. Lupo made approximately $165,000 per year as a computer engineer.

9.   On or about August 9, 2000, Mr. Lupo executed a document entitled, "Transfer of Responsibility Form (Part 1 and Part 2)." A copy of the Transfer of Responsibility Form is attached hereto as Exhibit 5. Under the Transfer of Responsibility Form, Mr. Lupo acknowledges liability to the Bank under the Credit Card Agreement.

10.  On or about September 5, 2000, Van Lupo filed a Petition for Divorce against Sheryl Lupo in the Probate Court for Orange County, California.

11.  On information and belief, as of November 10, 2000, the balance on the Lupo's Credit Card Account was $7,623.49. A copy of the November 10, 2000 Account Statement is attached as Exhibit 6.

12.  On or about November 7, 2000, Sheryl Lupo filed for Chapter 7 Bankruptcy Protection in the State of California.

3946490v2

13. Under the terms of the Credit Card Agreement, the Bank extended credit to Mr. Lupo and Mrs. Lupo and in exchange, they were required to make all payments under their Agreement with the Bank as agreed. (*See* Exhibit 2, a copy of the Credit Card Account Agreement.)

14. Mr. Lupo remained obligated under the Credit Card Account Agreement even though Sheryl Lupo filed for bankruptcy protection, and the Probate Court entered their divorce decree on July 29, 2002.

15. Mr. Lupo has breached his Credit Card Agreement with the Bank by failing to make payments as required, and he has further defaulted by failing and refusing to pay the principal balance due of $15,927.30 as of November 28, 2004, plus interest, accruing interest, late charges, costs and attorneys' fees.

16. Mr. Lupo owes the Bank a sum to be assessed and determined at trial plus interest, costs, and attorneys' fees.

### Count II
### (vs. Mr. Lupo for Money Had and Received)

17. The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 16 of the Counterclaim and incorporates them by reference as if separately set forth herein.

18. The Bank extended credits and funds for the benefit of Mr. & Mrs. Lupo to purchase various goods and services for their benefit. (*See* Exhibits 1 and 3.)

19. The Bank has made demand upon Mr. Lupo for re-payment of the sums owed by Mr. & Mrs. Lupo but Mr. Lupo has failed and refused, and continues to refuse to make payment of the amounts owed and advanced to him under the Credit Card Account Agreement.

20. Mr. Lupo owes the Bank, in equity, a sum to be assessed and determined at trial, plus interest, accruing interest and costs.

### Count III
### (vs. Mr. Lupo for Unjust Enrichment)

21. The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 20 of the Counterclaim and incorporates them by reference as if separately set forth herein.

22. The Bank extended credit and funds to Mr. & Mrs. Lupo in the principal sum of approximately $6,599.41, as of the time of charge-off on January 10, 2001, and Mr. Lupo has failed and refused to repay the sums due and owing to the Bank.

23. Mr. & Mrs. Lupo have been unjustly enriched and Mr. Lupo owes the Bank, in equity, a sum to be assessed and determined at trial, plus interest and costs.

WHEREFORE, the Defendant/Counterclaim Plaintiff, Bank of America, N.A. (USA), moves this Court as follows:

1. That this Court dismiss the Complaint of the Plaintiff, Van A. Lupo, against Bank of America, N.A. (USA) under Counts I, II, III, IV and V of the Complaint;

2. That this Court find for the Counterclaim Plaintiff, Bank of America, N.A. (USA), and against the Counterclaim Defendant, Van A. Lupo, under Counts I, II and III of the Counterclaim in an amount to be assessed and determined at trial, plus interest, costs and attorneys' fees; and

3. That this Court enters such other relief that it deems just and proper.

3946490v2

## DEMAND FOR JURY TRIAL

The Defendant, Bank of America, N.A. (USA), demands a jury trial.

                                              BANK OF AMERICA, N.A. (USA)
                                              By its attorneys,

                                              E. Macey Russell, P.C. (BBO #542371)
                                              Choate, Hall & Stewart, LLP
                                              Exchange Place, 53 State Street
                                              Boston, Massachusetts 02109
                                              Tel: (617) 248-5000

Dated: June 27, 2005

3946490v2

## CERTIFICATE OF SERVICE

I, E. Macey Russell, attorney for the Defendant, Bank of America, N.A. (USA), hereby certify that a copy of the above document was this date served by first-class mail and certified mail, upon the following:

> Jill C. Shedd, Esq.
> Law Office of Jill Shedd & Associates
> 929 Massachusetts Avenue, Level 01
> Cambridge, MA 02139

_____
E. Macey Russell, P.C.

Dated: June 27, 2005