UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VAN A. LUPO,
        Plaintiff

v.   C.A. Number 04-40202-FDS

BANKAMERICA CORPORATION,
        Defendant

# PLAINTIFF'S ANSWER TO
# BANK OF AMERICA, N.A. (USA)'s COUNTERCLAIMS

Now comes the Defendant-in-Counterclaims ("Van A. Lupo"), and answers the numbered paragraphs of plaintiff-in-counterclaims ("Bank of America, N.A. (USA)") as follows:

1. The Defendant-in-Counterclaims ("Mr. Lupo") is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Plaintiff-in-Counterclaims complaint.
2. The Defendant-in-Counterclaims admits that he once lived at 1181 Pacific Cove Lane, Huntington Beach, CA.. Defendant-in-Counterclaims denies that Sheryl Lupo is his wife.

**Count I**
**(vs. Lupo for Breach of Credit Card Agreement)**

3. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 2 of this Counterclaim and incorporates herein as if fully set forth
4. Admitted.
5. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 5 and therefore denies the allegations. Mr. Lupo further answers by stating that the Plaintiff-in-counterclaims ("Bank") has failed to produce said credit card agreement.

6. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 6 and therefore denies the allegations.
7. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 7 and therefore denies the allegations.
8. Mr. Lupo neither confirms nor denies this statement, but does question its relevance to the matter at hand.
9. Denied. The signature that the Bank purports to be that of Mr. Lupo, is in fact not his signature.
10. Admitted.
11. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 11 and therefore denies the allegations.
12. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 12 and therefore denies the allegations.
13. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 13 and therefore denies the allegations.
14. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 14 and therefore denies the allegations.
15. Denied. Mr. Lupo disavows any knowledge of a Credit Card Agreement with the Bank and furthermore demands an accounting of the difference between the previously stated $7,623.49 in November 2000 balance contained in the Bank's counterclaims in paragraph 11 and the $15,927.30 balance claimed by the Bank's counterclaim in paragraph 15.
16. Denied.

## Count II
## (vs. Mr. Lupo for Money Had and Received)

17. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 16 of this Counterclaim and incorporates herein as if fully set forth.

18. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 18 and therefore denies the allegations. Mr. Lupo further answers by stating that if the Bank extended credit if was for the benefit of Sheryl Lupo and not that of Mr. Van Lupo.

19. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 19 and therefore denies the allegations. Mr. Lupo further answers by stating that if the Bank extended credit it was for the benefit of Sheryl Lupo and not that of Mr. Van Lupo and that Mr. Lupo was not aware of nor responsible to repay sums due and owing to the Bank.

20. Denied.

## Count III
## (vs. Mr. Lupo for Unjust Enrichment)

21. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 20 of this Counterclaim and incorporates herein as if fully set forth.

22. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, interferences and conclusions of law contained in Paragraph 22 and therefore denies the allegations. Mr. Lupo further answers by stating that if the Bank extended credit it was for the benefit of Sheryl Lupo and not that of Mr. Van Lupo and that Mr. Lupo was not aware of nor responsible to repay sums due and owing to the Bank.

23. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. The Plaintiff-in-Counterclaims ("Bank")complaint fails to state a claim against the Defendant-in-Counterclaim ("Van Lupo") upon which relief can be granted and should therefore be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or Rule 56.

### SECOND DEFENSE

2. The Bank has failed to produce a signed contract or credit card agreement with Van Lupo and therefore have failed to prove a prima facie case on any of its counts.

### THIRD DEFENSE

3. Mr. Lupo states that no act or omission on the part of Mr. Lupo was the cause of the injuries to the Bank.

### FOURTH DEFENSE

4. If the Bank did sustain an injury it was the result of actions caused by someone whose conduct Mr. Lupo was not and is not legally responsible.

## DEMAND FOR JURY TRIAL

1. The Defendant-in-Counterclaims demands a trial by jury.

WHEREFORE, the Defendant-in-Counterclaims prays for judgment:

1. Denying all relief requested by Plaintiff-in-Counterclaim, Bank of America, N.A. (USA) and dismissing all its Counterclaims with prejudice.
2. Awarding Defendant-in-Counterclaim the costs of this action, reasonable attorney fees, and such further and other relief as is found just and proper.

Respectfully submitted,

Van A. Lupo
Defendant-in-Counterclaims


BY HIS ATTORNEY

*/s/ Jill Shedd*
Jill C. Shedd
(BBO# 652488)

430 Franklin Village Drive
#212
Franklin, MA. 02038

508-720-9267   phone
508-473-3817   fax

jshedd@sheddlaw.com


Dated: July 7, 2004