UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VAN A. LUPO,  )
       Plaintiff  )
  )
v.  )  C.A. Number 04-40202-FDS
  )
BANK OF AMERICA,  )
       Defendant  )

# MEMORANDUM IN SUPPORT OF ASSENTED TO MOTON of PLAINTIFF'S TO AMEND PLEADINGS TO JOIN THIRD-PARTY DEFENDANT, SHERYL LUPO

NOW COMES the Plaintiff in the above titled matter and respectfully this memorandum in support of Plaintiff's Assented to Motion to Amend his Pleadings to join Sheryl Lupo as a Defendant.

## STATEMENT OF FACTS AND PRIOR PROCEEDINGS

This action was originally an action against Bank of America for unfair credit card practices in violation of federal and state laws. The basic underlying facts are as follows. In the mid 1990's Sheryl Lupo forged her then husband's name to a credit card solicitation from NationsBank. At the time Sheryl Lupo did not tell her then husband of this transaction. In late 1997 Sheryl Lupo further attempted to indebt her ex-husband by signing up for Platinum Priority Card Upgrade. Sheryl Lupo continued to pay, hide or coerce through misrepresentation her ex-husband into paying the minimum payments on the credit card. Additionally, throughout the years NationsBank was bought and sold and eventually this account ended up as a Bank of America credit card.

In the summer of 2000 the Plaintiff's and Sheryl Lupo's marriage completely broke down. The Plaintiff moved out of the marital home, but continued to support Sheryl Lupo by paying her bills. In anticipation of divorce proceedings on August 7, 2000 Sheryl Lupo attempted to transfer the responsibility for this credit card account into her name alone. She forged her ex-

husband's name and sent it into Bank of America. She did not inform the Plaintiff of this action. On July 16, 2001 Ms. Lupo signed a Declaration of Disclosure/Schedule of Assets and Debts with the Superior Court of California Orange County. In the Disclosure/Schedule of Assets and Debts Ms. Lupo listed the "VISA –Platinum" as her debt. On July 8, 2002, the Plaintiff and Sheryl Lupo entered into the first of two Martial Settlement Agreements. In that first agreement Sheryl Lupo contractually agreed to pay all debt in her name and indemnified the Plaintiff against any action brought against him for her failure under that section of the Agreement. At the time of the divorce Sheryl Lupo represented to the Plaintiff that she would be filing for federal bankruptcy protection.

A person reputing to be with Bank of America and claiming that Mr. Lupo had an outstanding balance with BankAmerica from a credit card issued in September of 1992 called the Plaintiff, Van A. Lupo, on his cellular phone in the fall of 2003. Up until that point, Mr. Lupo was never aware of any credit card, never mind a balance, with Bank of America. Mr. Lupo informed that person that he was divorced and that his ex-wife was responsible for much of the credit card debt, and perhaps Bank of America should be calling her. The Bank of America representative noted that the credit card was allegedly a joint account. Mr. Lupo requested that he be sent an original copy of the signature page of the credit card application to verify that it was indeed his signature. No such signature page was forthcoming.

In December of 2003, Mr. Lupo requested a credit report from Trans Union and received said credit report. Mr. Lupo noticed that Bank of America had reported this account to Trans Union as "charged off as bad debt". Mr. Lupo disputed the report from Bank of America to Trans Union, and in February of 2004, Trans Union reported back to Mr. Lupo that the Bank of America report was "verified".

When Mr. Lupo learned that Bank of America was continuing to report the credit card balance on his credit report, he attempted to call Bank of America to resolve this matter. At that time, Mr. Lupo was informed that an Attorney Eskoner, a professional debt collector, was handling the Bank of America account. Mr. Lupo spent the next few weeks attempting to contact Attorney

Eskoner, and finally learned that Attorney Eskoner's firm had closed the account and returned it to Bank of America on March 22, 2004.

Mr. Lupo then retained counsel. On May 27, 2004, present counsel, called Bank of America's credit card department and spoke with a Ms. Laura Taffea [sic]. Ms Taffea [sic] told present counsel to send a formal letter of dispute to Bank of America's Credit Dispute Bureau. On May 27, 2004, present counsel sent a letter, via facsimile and certified mail to Bank of America Credit Dispute Bureau requesting that they produce the signature card. As this date Bank of America is still reporting this credit card debt as "charged off". As of this date, Bank of America has failed to produce the signature card.

Bank of America responded to this Complaint with various documents and information. See Exhibits 1-5 from Defendant Bank of America's Answer and Counter-Claim herein attached at Exhibit E.

Subsequent to the initial filing of this lawsuit the Plaintiff, through investigation and through interaction with Defendant Bank of America became aware that Defendant, Sheryl Lupo, has not availed herself of Federal Bankruptcy protection as previously believed. Additionally, and once again, subsequent to the filing of the initial pleadings Bank of America has produced documentation showing Sheryl Lupo's forgery of the Plaintiff's name to at least one document.

## ARGUMENT

Under Fed.R.Civ.P. Rule 14, a plaintiff may bring in a third party when a counterclaim is asserted against the Plaintiff. The Defendant, Bank of America, counterclaimed against the Plaintiff on June 27, 2005.

Furthermore under Fed.R.Civ.P. Rule 15(a) provides for amendment of a party's pleading by leave of court, "and leave shall be freely given when justice so requires." Fed.R.Civ.P. Rule 15(d) provides for a supplemental pleading "setting forth transactions or occurrences or which have happened since the date of the pleading sought to be amended."

In Thomas v. Farmville Mfg. Co., Inc., 705 F.2d 1307 (11th Cir.1983) the court held that it must grant litigant's motion for leave to amend the pleadings "when justice so requires." Fed.R.Civ.P 15(a). In Thomas v. Farmville Mfg. Co, Inc the 11th circuit noted that "the Supreme Court reasoned: 'In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be "freely given."'

In the present case, both the Plaintiff and the Defendant BankAmercia Corporation have recently become aware that Sheryl Lupo has not availed herself of Federal Bankruptcy protection. There is no dilatory motive on the part of the Plaintiff to amend his complaint to join the individual who is responsible for both the debt to Bank of America and responsible for the damage incurred by the Plaintiff.

## CONCLUSION

Thus, in the interest of justice and for the foregoing reasons the Motion to Amend should be allowed.

Assented To:

| | |
|---|---|
| Van A. Lupo<br>By his Counsel | Bank of America<br>By its Counsel |
| *Jill Shedd*<br>Jill C. Shedd<br>BBO No. 652488 | /s/ assented to signature via email<br>E. Macey Russell<br>BBO No. 542371 |
| Law Office of Jill Shedd & Associates, P.C.<br>430 Franklin Village Drive<br>#212<br>Franklin, MA. 02038<br>508-720-9267 | Choate, Hall & Stewart, LLP<br>Two International Place<br>100-150 Oliver Street<br>Boston, MA. 02110<br>617-248-5000 |

DATED:       October 27, 2005