# Exhibit A
## (Part 1 of 4)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAN A. LUPO, Plaintiff, and Counterclaim/Reach and Apply Defendant ) ) ) ) ) | |
| | Civil Action No. 04-40202-FDS |
| | Hon. F. Dennis Saylor IV |
| v. ) ) | |
| | Complaint Filed: September 29, 2004 |
| BANK OF AMERICA CORPORATION, Defendant, and Reach and Apply, Counterclaim and Cross-claim Plaintiff ) ) ) ) ) | |
| and SHERYL LUPO, Co-Defendant and Cross-claim Defendant ) ) ) ) | |

**DEFENDANT'S, BANK OF AMERICA, N.A. (USA),
VERIFIED ANSWER TO THE AMENDED COMPLAINT
OF PLAINTIFF, VAN LUPO, AMENDED COUNTERCLAIM,
AND CROSS-CLAIM AGAINST SHERYL LUPO**

The Defendant, Bank of America Corporation (the "Bank"), hereby files its

(i) response to the Amended Complaint of the Plaintiff, Van A. Lupo, ("Mr. Lupo"),

(ii) Amended Counterclaim against Mr. Lupo, and (iii) Cross-Claim against Sheryl Lupo.

### Introduction

1.      Bank of America Corporation is a publicly-traded company and is the

parent corporation of NB Holdings Corporation.  Bank of America Corporation did not

issue any credit to Mr. Lupo and is not a proper party to this action.  By way of further

answer, the Bank is without knowledge or information sufficient to form a belief as to the

truth to the allegations, inferences, and conclusions of law contained in Paragraph 1 and

subparts a. through c. of the Amended Complaint, and, therefore denies the allegations.

The Bank does not respond to the allegations in Paragraphs 2, 3, and 4 of Mr. Lupo's
Introduction section.  The Bank further observes that Mr. Lupo has numbered Paragraphs
·2, 3, and 4 of the Amended Complaint twice – once in the Introduction section, and then
in Jurisdiction and Venue/Parties section of the Amended Complaint.  The Bank
therefore will answer the Amended Compliant beginning with Paragraph 2 of the
Jurisdiction and Venue section.

### Jurisdiction and Venue

2.      The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences, and conclusions of law contained in
Paragraph 2 of the Amended Complaint and, therefore, denies that jurisdiction is proper.

3.      The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences, and conclusions of law contained in
˙Paragraph 3 of the Amended Complaint and, therefore, denies that venue is proper.

### Parties

4.      The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences, and conclusions of law contained in
Paragraph 4 of the Amended Complaint concerning Mr. Lupo and, therefore, denies the
allegations.

5.      The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences and conclusions of law contained in
Paragraph 5 of the Complaint.  The Bank further answers the Amended Complaint in the
name of Bank of America, N.A. (USA) which is a national credit card company with a
place of business in Phoenix, Arizona.  The Bank further answers by stating that Bank of
America, N.A. (USA) is a wholly owned subsidiary of Bank of America Corporation.  By

2

4028790v2

way of further answer, the Credit Card Account Statements ("Account Statements") for the Lupos changed from NationsBank to Bank of America beginning with the April 10, 1999 Statement; the account number remained the same. A copy of the April 10, 1999 Account Statement to the Lupos is attached as Exhibit 1.

6.    The Bank is without knowledge on information sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 6 of the Amended Complaint, and therefore, denies the allegations.

### **Factual Allegations**

7.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 7 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers by stating that at all times, Mr. Lupo was aware of his obligations to the Bank under the credit card account he shared jointly with his ex-wife, Sheryl Lupo ("Sheryl Lupo). Specifically, the Bank opened a credit card account for Mr. & Mrs. Lupo on or about September 9, 1992, Account Number 4356-1700-0004-3854 and then later updated the account to a Platinum Account, Number 4427-1000-0187-0265 ("Visa Platinum Account"). The Bank further states that credit was issued to Mr. & Mrs. Lupo in accordance with the terms and conditions of the Cardholder Agreement ("Cardholder Agreement"). A copy of the Terms and Conditions for the Cardholder Agreement is attached hereto as Exhibit 2.

8.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 8 of the Amended Complaint and, therefore, denies the allegations.

3

4028790v2

9.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 9 of the Amended Complaint and, therefore, denies the allegations.  The Bank further answers by stating that Mr. Lupo has requested documentation concerning his account with the Bank such as the 1992 Nations Bank application, he has been provided with certain Account documentation, and discovery in this matter is ongoing.

10.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 10 of the Amended Complaint and, therefore, denies the allegations.

11.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 11 of the Amended Complaint and, therefore, denies the allegations.

12.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 12 of the Amended Complaint and, therefore, denies the allegations.  The Bank further answers that the Bank notified the appropriate credit bureaus that the information concerning the account was verified; Mr. Lupo did have a Visa Platinum Account with the Bank.  The Bank further answers by stating that subsequently it notified the credit bureaus that the matter is disputed by Mr. Lupo.

13.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 13 of the Amended Complaint and, therefore, denies the allegations.  The Bank further answers

4028790v2

by stating that Mr. Lupo and/or his representative contacted the Bank about the Visa Platinum Account.

14.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 14 of the Amended Complaint and, therefore, denies the allegations.

15.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 15 of the Amended Complaint and, therefore, denies the allegations.

16.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 16 of the Amended Complaint and, therefore, denies the allegations.

17.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 17 of the Amended Complaint and, therefore, denies the allegations.  By way of further answer, Mr. Lupo has requested a "signature card" from the Bank.

18.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 18 of the Amended Complaint and, therefore, denies the allegations.  The Bank further answers by stating that on October 28, 2004, the Bank reported to the appropriate credit bureaus that this matter is disputed.

19.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 19 of the Amended Complaint and, therefore, denies the allegations.  The Bank further answers

4028790v2

by stating that it has provided Mr. Lupo with documents establishing his liability to the

Bank under the Visa Platinum Account, it has corresponded with counsel for Mr. Lupo,

and has responded to the Complaint and Amended Complaint.

20.    The Bank filed an Answer to the Original Complaint and a Counterclaim.

The Bank also attached certain documents as exhibits to its Counterclaim which speak for

themselves.

21.    The Bank is without knowledge on information sufficient to form a belief

as to the truth of the allegations, inferences and conclusions of law in Paragraph 21 of the

Amended Complaint and, therefore, denies the allegations.

22.    The Bank admits that Sheryl Lupo is liable to the Bank under the Visa

Platinum Account and the Cardholder Agreement but is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations,

inferences and conclusions of law contained in Paragraph 22 of the Amended Complaint

and, therefore, denies the allegations.

23.    The Bank is without knowledge or information sufficient to form a belief

as to the truth of the allegations, inferences and conclusions of law in Paragraph 23 of the

Amended Complaint.

### Count I
### (Violations of Federal Consumer Credit Protection Act)

24.    The Bank re-avers and restates each of its responses to the allegations,

inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 23 of

the Amended Complaint and incorporates them by reference as if separately set forth

herein.

6

4028790v2

25.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 25 of the Amended Complaint and, therefore, denies the allegations.

26.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 26 of the Amended Complaint and, therefore, denies the allegations.

27.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 27 of the Amended Complaint and, therefore, denies the allegations.

28.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 28 subparts (a) through (d) of the Amended Complaint and, therefore, denies the allegations.

29.     The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 29 of the Amended Complaint.

### Count II
### (Violations of Massachusetts Consumer Credit Disclosure Act)

30.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 29 of the Amended Complaint and incorporates them by reference as if separately set forth herein.

31.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 31 of the Amended Complaint and, therefore, denies the allegations.

7

32.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 32 subparts (a) through (d) of the Amended Complaint and, therefore, denies the allegations.

33.     The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 33 of the Amended Complaint.

**Count III**
**(Violation of Division of Banks and Loans Regulatory Code)**

34.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 33 of the Amended Complaint and incorporates them by reference as if separately set forth herein.

35.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 35 of the Amended Complaint and, therefore, denies the allegations.

36.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 36 of the Amended Complaint and, therefore, denies the allegations.

37.     The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 37 of the Amended Complaint.

**Count IV**
**(Violation of Massachusetts Consumer Protection Act)**

38.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 37 of

8

the Amended Complaint and incorporates them by reference as if separately set forth herein.

39.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 39 of the Amended Complaint and, therefore, denies the allegations.

40.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 40 of the Amended Complaint.

41.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 41 of the Amended Complaint and, therefore, denies the allegations.

42.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 42 of the Amended Complaint and, therefore, denies the allegations.

43.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 43 of the Amended Complaint.

44.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 44 of the Amended Complaint.

## Count V
## (Libel)

45.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 44 of the Amended Complaint and incorporates them by reference as if separately set forth . herein.

46.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 46 of the Amended Complaint and, therefore, denies the allegations.

47.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 47 of the Amended Complaint and, therefore, denies the allegations.

48.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 48 of the Amended Complaint and, therefore, denies the allegations.

49.     The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 49 of the Amended Complaint.

### Demands

50.     The Bank denies the demands contained in Paragraph 50 of the Amended Complaint.

51.     The Bank denies the demands contained in Paragraph 51 of the Amended Complaint.

52.     The Bank denies the demands contained in Paragraph 52 of the Amended Complaint.

### Counts and Demands Against Sheryl Lupo

### Count I
### (Misrepresentation/Fraud)

53.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-52 of the Amended Compliant as if separately set forth herein.

10

54.    The allegations, inferences and conclusions of law contained in Paragraph 54 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 54 and therefore, denies the allegations.

55.    The allegations, inferences and conclusions of law contained in Paragraph 55 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 55 and therefore, denies the allegations.

56.    The allegations, inferences and conclusions of law contained in Paragraph 56 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 56 and therefore, denies the allegations.

57.    The allegations, inferences and conclusions of law contained in Paragraph 57 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 57 and therefore, denies the allegations. By way of further answer, to the extent that Sheryl Lupo executed any documents for or on behalf of Van Lupo, the Bank was justified in relying upon the authority of Sheryl Lupo to do so.

11

58.    The allegations, inferences and conclusions of law contained in Paragraph 58 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 58 and therefore, denies the allegations.

59.    The allegations, inferences and conclusions of law contained in Paragraph 59 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 59 and therefore, denies the allegations.

<u>Count II</u>
<u>(Breach of Contract)</u>

60.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-59 of the Amended Compliant as if separately set forth herein.

61.    The allegations, inferences and conclusions of law contained in Paragraph 61 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 61 and therefore, denies the allegations.

62.    The allegations, inferences and conclusions of law contained in Paragraph 62 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is

12

without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 62 and therefore, denies the allegations.

63.    The allegations, inferences and conclusions of law contained in Paragraph 63 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 63 and therefore, denies the allegations.

64.    The allegations, inferences and conclusions of law contained in Paragraph 64 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 64 and therefore, denies the allegations.

65.    The allegations, inferences and conclusions of law contained in Paragraph 65 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 65 and therefore, denies the allegations.

## Count III
### (Intentional Infliction of Emotional Distress)

66.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-65 of the Amended Compliant as if separately set forth herein.

67.    The allegations, inferences and conclusions of law contained in Paragraph 67 of the Amended Complaint are not directly against the Bank.

13

4028790v2

Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 67 and therefore, denies the allegations.

68.    The allegations, inferences and conclusions of law contained in Paragraph 68 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 68 of the Amended Complaint and therefore, denies the allegations.

69.    The allegations, inferences and conclusions of law contained in Paragraph 69 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 69 of the Amended Complaint and therefore, denies the allegations.

70.    The allegations, inferences and conclusions of law contained in Paragraph 70 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 70 of the Amended Complaint and therefore, denies the allegations.

71.    The allegations, inferences and conclusions of law contained in Paragraph 71 of the Amended Complaint are not directly against the Bank.

14

Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 71 of the Amended Complaint and therefore, denies the allegations.

**Count IV**
**(Violation of 18 USC Chapter 96, et seq. RICO)**

72.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-71 of the Amended Compliant as if separately set forth herein.

73.    The allegations, inferences and conclusions of law contained in Paragraph 73 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 73 and therefore, denies the allegations.

74.    The allegations, inferences and conclusions of law contained in Paragraph 74 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 74 of the Amended Complaint and therefore, denies the allegations.

**Demands**

75.    The allegations, inferences and conclusions of law contained in Paragraph 75 of the Amended Complaint are not directly against the Bank.

15

Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 75 of the Amended Complaint.

76.    The allegations, inferences and conclusions of law contained in Paragraph 76 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 76 of the Amended Complaint.

77.    The allegations, inferences and conclusions of law contained in Paragraph 77 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 77 of the Amended Complaint.

78.    The allegations, inferences and conclusions of law contained in Paragraph 78 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 78 of the Amended Complaint.

79.    The allegations, inferences and conclusions of law contained in Paragraph 79 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 79 of the Amended Complaint.

### Affirmative Defenses

1.    By way of affirmative defense, the Bank states that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure.

2.    By way of affirmative defense, the Bank states that Mr. Lupo has been unjustly enriched by the funds advanced to Mr. Lupo and Sheryl Lupo, and he would be

16

further unjustly enriched by an award in this case and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

3.      By way of affirmative defense, the Bank states that to the extent that Mr. Lupo has incurred any damages, the damages were caused by someone other than the Bank and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

4.      By way of affirmative defense, the Bank states that to the extent it was required to act in a commercially reasonable manner, it did so, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

5.      By way of affirmative defense, the Bank states that Mr. Lupo has failed to fully and properly comply with M.G.L. ch. 93A, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

6.      By way of affirmative defense, the Bank states that Mr. Lupo failed to properly make a demand under M.G.L. ch. 93A, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

7.      By way of affirmative defense, the Bank states that its actions, if any, were not the cause of the injuries or damages alleged by Mr. Lupo and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

8.      By way of affirmative defense, the Bank states that the damages claimed were caused by matters beyond the control of the Bank, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

9.      By way of affirmative defense, the Bank states that Mr. Lupo failed to mitigate his damages and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

4028790v2

10.     By way of affirmative defense, the Bank states that Mr. Lupo has failed to comply with M.G.L. ch. 93A as the actions claimed did not occur substantially within the Commonwealth of Massachusetts and, therefore, Mr. Lupo is not entitled to recover under M.G.L. ch. 93A against the Bank in this matter.

11.     By way of affirmative defense, the Bank states that Mr. Lupo by his acts and conduct failed to perform under the Cardholder Agreement and Platinum Visa Account which excused any obligation of the Bank to perform and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

12.     By way of affirmative defense, the Bank states that the claims are barred by the applicable statute of limitations.

13.     By way of affirmative defense, the Bank states that Mr. Lupo failed to take action in connection with his divorce from Mrs. Lupo to pay the amount due on the Visa Platinum Account, and if anyone is liable to Mr. Lupo, it is his ex-wife, Sheryl Lupo and not the Bank.

14.     By way of affirmative defense, the Bank states that the statements made concerning or relating to Mr. Lupo's Visa Platinum Account were true and, therefore, the Bank is not liable to Mr. Lupo.

15.     By way of affirmative defense, the Bank states that its notification to the credit bureaus of the status of the account, when reported, was substantially true in all respects and, therefore, Mr. Lupo is not entitled to recover against the Bank in the matter.

16.     By way of affirmative defense, the Bank states that its actions in notifying the credit bureaus of Mr. Lupo's liability under the Cardholder Agreement and Visa Platinum Account were not malicious and, therefore, Mr. Lupo is not entitled to recover.

4028790v2

17.    By way of affirmative defense, the Bank states that Mr. Lupo did not mitigate his damages as it relates to his credit history, and, therefore, he is not entitled to recover damages for libel.

## Amended Counterclaim

The Counterclaim Plaintiff, Bank of America, N.A., (USA) ("Bank"), brings this Amended Counterclaim against the Counterclaim Defendant, Van A. Lupo, ("Mr. Lupo"), for breach of his Cardholder Agreement, unjust enrichment, money had and received, and to reach and apply any monies owed to Sheryl Lupo.

## Parties

1.    The Counterclaim Plaintiff, Bank of America, N.A. (USA), is a duly organized national credit card company with a place of business in Phoenix, Arizona.

2.    The Counterclaim Defendant, Van A. Lupo, is an individual who resided at 1181 Pacific Cove Lane, Huntington Beach, California with his wife, Sheryl Lupo.  On information and belief, Mr. Lupo currently resides at 61 Neck Hill Road, Hopedale, Massachusetts.

3.    The Cross-Claim Defendant, Sheryl Lupo, is an individual residing on information and belief at 1081 Aloha Drive, Huntington Beach, California.

## Count I
## (vs. Mr. Lupo for Breach of Cardholder Agreement and Visa Platinum Account)

4.    The Bank re-avers and re-alleges each of the allegations contained in Paragraph 1 through 3 of the Amended Counterclaim and incorporates them by reference as if separately set forth herein.

5.    On or about July 28, 1989, Van Lupo and Sheryl Lupo married, and thereafter lived in Huntington Beach, California.

19

4028790v2