# Exhibit A
## (Part 4 of 4)

Exhibit 4

## PLATINUM PRIORITY CARD UPGRADE ACCEPTANCE FORM

**X Yes!** I would like to step up to the NationsBank Platinum Priority Card. I understand that by accepting this offer, I and all current cardholder users will receive a new NationsBank Platinum Priority Card. I will receive a new account number and there will be no changes to my current rates or fees.

Sheryl L. Lupe
Van A. Lupe
1181 Pacific Cove Ln.
Huntington Beach, CA 92649-4159

**Offer Expires: December 19, 1997**

### Pin Number Selection

X _____
Signature

**Yes** I would like to add an additional authorized user. I want authorized users will automatically receive the "Platinum Priority upgrade. Please send an additional card to the cardholder."

If you do not currently have one, please select a 4 digit Personal Identification Number (PIN) using letters or numbers. Please do not choose "0" or use the letters Q, Z, or O.

First Name     MI     Last Name
4356 - 1760 - 0004 - 3854                                    2200

Exhibit 5

20032 001268

AUG 9 2000

BANK OF AMERICA NA
CREDIT/NEW ACCTS
MAIL CODE: CA31

# TRANSFER OF RESPONSIBILITY FORM (Part 1)

**TO BE COMPLETED BY PERSON TAKING PAYMENT RESPONSIBILITY**

**Responsibility and Account Usage**

I, _Van Lupo_ request that _my name & responsibilty_ be removed
from this account relieving them of payment responsibility and further use of this account. I agree to
assume full responsibility for all current and future balances on this account. If the Bank denies this
request, the account will be cancelled and I understand that all parties to my account will remain
jointly and individually responsible for any unpaid balance.

**Overdraft Protection (For Bank of America Checking Accounts Only)**

( ___ ) I do not currently have this service.
( ___ ) Please continue this service. There is no change to my checking account number.
( ___ ) Please transfer this service to my new checking account.
    Checking Account Number _____
    ( ___ ) Please enclose a voided deposit slip
    This change will interrupt service for 3 to 5 business days from the date the request is processed.
( ___ ) Please cancel this service.

_NA_    _UTL_

**Automatic Payment Service**

( ___ ) I do not currently have this service.
( ___ ) Please continue this service. There is no change to my checking account number.
( ___ ) Please transfer this service to my new checking account.
    Checking Account Number _____
    ( ___ ) Please enclose a voided deposit slip
    Check One ( ___ ) Minimum Payment ( ___ ) Payment in Full
( ___ ) Please cancel this service.

_NA_    _4427-1000-0187-0265_
    _Van Lupo_
    _SS#_ ~~_____~~

**Personal Information**

Street _1181 Pacific Cove Ln_

City _HB_      State _Ca_      Zip _92648_

Home Phone( 714 ) _536-8768_      Work Phone( )

Employer's Name _NA_

Employer's Address _NA_

Occupation _NA_ . How Long _____ Monthly Income $ _____

Other Income $ _500_    Source _Consulting_    Monthly Amount $ _500_

_Van Lupo_      _8-7-00_
Signature      Date

_Sheryl Lupo_

I authorize the Bank to verify my information and to obtain additional information from me, credit bureaus, and other third
parties in order to make its credit decision. I also agree that the Bank may lower the credit line on my account based on my
current financial and credit information.

NATB10-0034

## ASSUMPTION OF RESPONSIBILITY FORM (Part 2)

**TO BE COMPLETED BY PERSON REQUESTING TO BE REMOVED FROM ACCOUNT**

I, _Dan A Lupo_ (Name) request that my name be removed from this account. I understand that my request is subject to the assumption of payment responsibility by _____ and the Bank's approval of such assumption. If the request to assume liability is denied, all parties will remain jointly and severally liable for any remaining account balance. If the request to assume liability is denied, the account will be cancelled and I will be responsible for the remaining balances and for new charges made by me. I will not be responsible for any new transactions made by any other person(s) listed on this account. I understand that if my name is removed, the credit history established for this account may be deleted from my credit file. I understand further that I may apply for a new account in my name only, subject to the Bank's approval.

**Account Number(s)**                     _Acct closed_

_____          _____

**Overdraft Protection**

I understand that if my request is approved, I will not be able to access my existing Instant Cash Overdraft Protection associated with this account.

**Personal Information**

Address _1181 Pacific Cove Ln_

City _Hunt Bch_          State _Ca_        Zip _92648_

Home Phone(_714_)_536-8768_        Work Phone(_949_)_790-2084_

**To Be Completed By All Parties**

By signing below, we understand and agree that each of us will be liable on this account until the Bank approves the changes requested on this form. However, the party requesting to be removed from the account will not be responsible for new charges made by the other party after the Bank approval of the request for removal. We have destroyed all outstanding cards for this account except those issued in the name of the cardmember assuming primary payment responsibilty.

_Acct closed_

_____          _____          _____
Party Keeping Account            Social Security              Date

_____          _____          _____
Party Keeping Account            Social Security              Date

_____          _____          _____
Party Not Keeping Account        Social Security              Date

(_____) If other liable parties cannot be located for signature, please indicate by checking here. If approved, your outstanding balance will be transferred to the new account. In order to ensure that charges do not continue to post to the old account all cards must be destroyed.

NATB11-0048

Exhibit 6

# Platinum

VISA  1014427100001870265200011110

Account Number:  4427-1000-0187-0265
New Balance:  $7,623.49
Minimum Payment Due:  $945.11
Payment Due Date:  DEC 05, 2000

Amount Enclosed:  $ [        ]

MAKE CHECK PAYABLE TO:  BANK OF AMERICA

**Mail Payment To:**

BANK OF AMERICA
PO BOX 5270
CAROL STREAM IL  60197-5270

SHERYL L LUPO
VAN A LUPO
1181 PACIFIC COVE LA
HUNTINGTON BH CA  92648-415981

0015000 0094511 0762349 4427100001870265

DETACH HERE AND RETURN WITH REMITTANCE

**PLATINUM**
**Account Number 4427-1000-0187-0265**

For questions or to report lost or stolen cards, call 1-800-548-2959 within the US or 1-757-677-4701 overseas collect.

## ACCOUNT INFORMATION

| New Balance | Total Credit Line | Available Credit | Cash Line | Available Cash | Statement Closing Date | Minimum Payment Due | Payment Due Date |
|---|---|---|---|---|---|---|---|
| $7,623.49 | $0.00 | $0.00 | $0.00 | $0.00 | 11/10/00 | $945.11 | 12/05/00 |

## TRANSACTION SUMMARY

| Trans Date | Post Date | Description | Reference Number | Amount CR = Credit |
|---|---|---|---|---|
| 11-06 | 11-06 | LATE PAYMENT FEE | | $29.00 |
| 11-10 | 11-10 | OVERLIMIT FEE ASSESSED FOR NOV 06, 2000 | | $29.00 |

YOUR ACCOUNT IS SERIOUSLY DELINQUENT IN THE AMOUNT OF $777.39.
PLEASE CALL 1-800-548-1711 TO AVOID ADDITIONAL COLLECTION MEASURES.

## FINANCE CHARGE SUMMARY

| Billing cycle 31 days. | Balance Subject To Finance Charge | Daily Periodic Rate V = Variable F = Fixed | Corresponding Annual Percentage Rate | ANNUAL PERCENTAGE RATE | FINANCE CHARGES (Itemized) |
|---|---|---|---|---|---|
| Purchases | $7,496.30 | V 0.0613700% | 22.40% | 22.40% | $142.62 |
| Cash Advances | $0.00 | V 0.0613700% | 22.40% | 22.40% | $0.00 |
| Cash Advance Fees | | | | | $0.00 |

## BALANCE SUMMARY

| | |
|---|---|
| Previous Balance | $7,422.87 |
| Payments | $0.00 |
| Credits | $0.00 |
| Purchases & Other Charges | $0.00 |
| Cash Advances | $0.00 |
| Late Payment Fee | $29.00 |
| Overlimit Fee | $29.00 |
| FINANCE CHARGE | $142.62 |
| NEW BALANCE | $7,623.49 |

This is an electronic reproduction of the front side of your statement and does not contain the disclosures which were made on the reverse side of your original statement.

Exhibit 7

COPY

1287

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

Stephen C. Hosford, Esq.
HOSFORD & HOSFORD, INC.
250 West Main Street, #101

Tustin, CA  92780
TELEPHONE NO.: (714) 730-8202        FAX NO.: (714) 730-1959
ATTORNEY FOR (Name): SHERYL L.  LUPO

FOR COURT USE ONLY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER

JUL 0 8 2002

ALAN SLATER, Clerk of the Court
BY K. LEWIS

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 341 The City Drive
MAILING ADDRESS: Post Office Box 14170
CITY AND ZIP CODE: Orange, CA  92613-1570
BRANCH NAME: Family Law Division

MARRIAGE OF
PETITIONER: VAN A. LUPO

RESPONDENT: SHERYL L. LUPO

**JUDGMENT**

[X] Dissolution    [ ] Legal separation    [ ] Nullity
    [ ] Status only
    [ ] Reserving jurisdiction over termination of marital status
    [ ] Judgment on reserved issues
Date marital status ends:   JUL 0 8 2002

CASE NUMBER:
00D 008 449

1. ___ This judgment ___ contains personal conduct restraining orders ___ modifies existing restraining orders.
   The restraining orders are contained on page(s) ___ of attachment. They expire on (date):

2. This proceeding was heard as follows: [X] default or uncontested [ ] by declaration under Fam. Code, § 2336
   ___ contested
   a. Date: JUL 0 8 2002    Dept.: C14    Rm.:
   b. Judicial officer (name): Richard Vogel
   c. ___ Petitioner present in court            [ ] Temporary judge
   d. ___ Respondent present in court           [ ] Attorney present in court (name):
   e. ___ Claimant present in court (name):     [ ] Attorney present in court (name):
   f. ___ Other (specify name):                 [ ] Attorney present in court (name):

3. The court acquired jurisdiction of the respondent on (date): 7/18/01
   ___ Respondent was served with process    [X] Respondent appeared

4. THE COURT ORDERS, GOOD CAUSE APPEARING:
   a. [X] Judgment of dissolution be entered.  Marital status is terminated and the parties are restored to the status of unmarried persons
      (1) [X] on the following date (specify):    JUL 0 8 2002
      (2) [ ] on a date to be determined on noticed motion of either party or on stipulation.
   b. ___ Judgment of legal separation be entered.
   c. ___ Judgment of nullity be entered.  The parties are declared to be unmarried persons on the ground of (specify):

   d. ___ This judgment shall be entered nunc pro tunc as of (date):
   e. ___ Judgment on reserved issues.
   f. ___ Wife's ___ Husband's ___ former name be restored (specify):
   g. ___ Jurisdiction is reserved over all other issues and all present orders remain in effect except as provided below.
   h. ___ This judgment contains provisions for child support or family support. Both parties shall complete and file with the court a
      *Child Support Case Registry Form* (form 1285.92) within 10 days of the date of this judgment. The parents shall notify the
      court of any change in the information submitted within 10 days of the change by filing an updated form. The forms *Notice
      of Rights and Responsibilities* (form 1285.78) and *Information Sheet on Changing a Child Support Order* (form 1285.79)
      are attached.

(Continued on reverse)

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>Rule 1287 [Rev. July 1, 1999] | **JUDGMENT**<br>**(Family Law)** | Legal Solutions Plus | Family Code,<br>§§ 2340, 2343, 2346 |

| MARRIAGE OF *(last name, first name of parties):* MARRIAGE OF LUPO, VAN & SHERYL | CASE NUMBER: 00D 008 449 |

4. i. [ X ] A marital settlement agreement between the parties is attached.

   j. [   ] A written stipulation for judgment between the parties is attached.

   k. [   ] Child custody and visitation is ordered as set forth in the attached

                [   ] Marital settlement agreement, stipulation for judgment, or other written agreement.

                [   ] *Child Custody and Visitation Order Attachment (form 1296.31A)*

                [   ] Other *(specify):*

   l. [   ] Child support is ordered as set forth in the attached

                [   ] Marital settlement agreement, stipulation for judgment, or other written agreement.

                [   ] *Child Support Information and Order Attachment (form 1296.31B)*

                [   ] *Non-Guideline Child Support Findings Attachment (form 1296.31B(1))*

                [   ] *Stipulation to Establish or Modify Child Support Order (form 1285.27)*

                [   ] Other *(specify):*

   m. [ X ] Spousal support is ordered as set forth in the attached

                [ X ] Marital settlement agreement, stipulation for judgment, or other written agreement.

                [   ] *Spousal or Family Support Order Attachment (form 1296.31C)*

                [   ] Other *(specify):*

                ——— NOTICE: It is the goal of this state that each party shall make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal support.

   n. ——— Parentage is established for children of this relationship born prior to the marriage.

   o. ——— Other *(specify):*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:          **JUL 0 8 2002**         COMMISSIONER RICHARD G. VOGL

                                                 JUDGE OF THE SUPERIOR COURT

5.  Number of pages attached: __11__          [   ] SIGNATURE FOLLOWS LAST ATTACHMENT

## NOTICE

**Please review your will, insurance policies, retirement benefit plans, credit cards, other credit accounts and credit reports, and other matters that you may want to change in view of the dissolution or annulment of your marriage, or your legal separation. Dissolution or annulment of your marriage may automatically change a disposition made by your will to your former spouse. A debt or obligation may be assigned to one party as part of the division of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.**

**An earnings assignment will automatically be issued if child support, family support, or spousal support is ordered.**

**Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.**

Marital Settlement Agreement
Marriage of Lupo



FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
LAMOREAUX JUSTICE CENTER
JUL 0 8 2002
ALAN SLATER, Clerk of the Court
BY K LEWIS

## I. INTRODUCTORY PROVISIONS

**1.01. IDENTIFICATION OF PARTIES.** This agreement is made between VAN A. LUPO, hereafter referred to as "Husband," and SHERYL L. LUPO, hereafter referred to as "Wife."

**1.02. DATE OF MARRIAGE.** The parties were married on July 28, 1985, and ever since then have been and are husband and wife.

**1.03. DATE OF SEPARATION.** The date of separation of the parties was disputed.  The parties agreed date of separation for purposes of this settlement is January 1, 2000.

**1.04. IRRECONCILABLE DIFFERENCES.** Irreconcilable differences have led to the irremediable breakdown of the marriage, and there is no possibility of saving the marriage through counseling or other means.

**1.05. MINOR CHILDREN OF THE MARRIAGE.** There are no minor children of the marriage.

**1.06. CIRCUMSTANCES ON WHICH SUPPORT PROVISIONS BASED.** Husband is currently employed by Green Hills Software Inc. and has a gross income from all sources of $9667.00 per month. Wife is currently receiving social security disability income of $563.00 per month The marital standard of living of the parties is that of a two person household with a combined income of $122760.00 per year.

**1.07. DISSOLUTION PROCEEDINGS.** A petition for dissolution of the marriage of the parties was filed on September 5, 2000, in the Superior Court of California, County of Orange, Case Number 00D008449 and that action is currently pending.

1

Lupo

---

MARITAL SETTLEMENT AGREEMENT

Marital Settlement Agreement
Marriage of Lupo

1.08.  **PURPOSE OF AGREEMENT.** Except as otherwise provided in this agreement, its purpose is to make a final and complete settlement of all rights and obligations between the parties, including all property rights, all obligations concerning spousal support and attorneys fees.

## II. SPOUSAL SUPPORT

2.01.  **BASIC CASH COMPONENT.** Husband will pay to Wife for spousal support the sum of $3000.00 per month, payable in advance, on or before the fifth day of each month, commencing March 1, 2002 and until either party's death, the remarriage of Wife, or modification or termination by further court order, whichever occurs first. TAX CONSEQUENCES. Wife will include all spousal support payments received from Husband in gross income, and Husband will deduct all such payments. If Wife fails to include such payments in gross income on her federal or state income tax return, she will indemnify Husband for any additional tax liability, attorney fees, and related costs.

2.02.  **AUTOMOBILE COMPONENT.**  As additional spousal support, Husband will provide a car (or car allowance) of $730.00 per month commencing February 23, 2002, which is based on a monthly lease payment of $570.00, $100/$300 liability and collision insurance, and tax and registration of $35/ month.  Wife is awarded any residuary value of the lease.  Husband may satisfy his obligation under this provision by purchasing the leased vehicle outright and awarding it to Wife after January 1, 2003. In this event, Husband will be responsible for maintaining the insurance, tax, and registration on the vehicle.

2.03.  **LIFE INSURANCE COMPONENT.** As additional spousal support, Husband will obtain and pay for a level term life insurance policy in the amount of $500000.00.  Wife will be named the irrevocable beneficiary on said policy.  Said policy will be paid for by Husband and purchased from a life insurance company having at least a "AA" rating from Standard & Poors.  Husband will take all actions, including submission to physical examinations, in a prompt manner to obtain and maintain the life insurance policy. Husband will provide proof of coverage and the designation of

2
Lupo

MARITAL SETTLEMENT AGREEMENT

Marital Settlement Agreement
Marriage of Lupo

beneficiary to Wife by May 1 of each year commencing 2002.

2.04 STEPDOWN ORDER.  On March 1, 2007, Spousal Support shall be reduced to the $3000.00 CASH COMPONENT plus LIFE INSURANCE COMPONENT on the assumption that wife will be earning $1300.00 per month.  Wife is admonished that the court expects that she will be earning a minimum of $1300.00 per month by March 1, 2007 and will be charged with that amount of earning capacity and Wife will have the burden of proof to show that she should not be charged with an earning capacity of $1300.00 per month.

### III. PROPERTY

3.01. IDENTIFICATION OF COMMUNITY PROPERTY. The following is a complete list of the community assets of the parties:

(a) Proceeds from the sale of the Family residence.

(b) Furniture and furnishings in the possession of Wife.

(c) Furniture and furnishings in possession of Husband.

(d) Debts in the name of wife.

(e) Debts in the name of husband and wife.

(f) Obligations owing for the loans from husband's mother and stepfather for the purchase of the family residence which was sold during the marriage.

(g) The leased vehicles each are driving, neither of which has significant equitable value.

3.02. The exact character of the property subject to division was disputed by the parties as well as the obligations for debts. Issues concerning Epstein Credits and Watts Charges are also before the court. The parties make the following divisions in order to end the pending dispute:

(a) Husband is awarded as his sole and separate property:

3

Lupo

---

MARITAL SETTLEMENT AGREEMENT

Marital Settlement Agreement
Marriage of Lupo

(1) The sum of $69665.00 from funds currently being held in trust.

(2) Furniture and furnishings presently in Husbands possession.

(b) Wife is awarded as her sole and separate property:

(1) The sum of $16665.00 from funds currently being held in trust.

(2) Furniture and furnishings presently in Wife's possession.

(c) Husband shall pay and hold wife harmless from the following obligations.

(1) Wells Fargo Credit Card Accounts

(2) Citibank Account

(3) Mitsubishi (HRS) Account

(4) Good Guys (HRS) Accounts

(d) Wife shall be responsible for those obligations she incurred in her name alone during the marriage which are still outstanding.

3.03. **WARRANTY OF FULL DISCLOSURE OF EXISTENCE OF ASSETS.** Each party warrants to the other that he or she does not have any knowledge of any community assets other than those disclosed and listed in this agreement.

3.04. **REMEDY FOR BREACH.** If either party has any knowledge of any community asset other than those disclosed and listed in this agreement, that warrantor will transfer or pay to the warrantee, at the warrantee's election, one of the following:

(a) If the asset is reasonably susceptible to division, a

4
Lupo

MARITAL SETTLEMENT AGREEMENT

Marital Settlement Agreement
Marriage of Lupo

portion of the asset equal to the warrantee's interest in it;

(b) The fair market value of the warrantee's interest in the asset on the effective date of this agreement, plus interest at the rate of 10 percent per annum from the effective date to the date of payment; or

(c) The fair market value of the warrantee's interest in the asset on the date on which the warrantee discovers the existence of the asset, plus interest at the rate of 10 percent per annum from the discovery date to the date of payment.

This provision will not be deemed to impair the availability, in a Court of competent jurisdiction, of any other remedy arising from nondisclosure of community assets.

**3.05. WARRANTY OF FULL DISCLOSURE OF EXISTENCE OF LIABILITIES.** Each party warrants to the other that he or she neither has incurred nor will incur, any liability on or before the effective date of this agreement, not previously disclosed during these proceedings.

**3.06. WARRANTY REGARDING UNDISCLOSED GIFTS OR TRANSFERS.** Each party warrants to the other that he or she has made no undisclosed gifts or transfers for less than adequate consideration of any community assets with fair market values over $250 without the other party's knowledge.

**3.07. REMEDY FOR BREACH.** If either party has made any undisclosed gift or transfer for less than adequate consideration of any community asset with a fair market value over $250 without the other party's knowledge, that warrantor will pay to the warrantee a sum equal to half of the fair market value of the asset transferred, with the fair market value to be determined, at the warrantee's election, as of either (a) the effective date of this agreement or (b) the date on which the warrantee discovers the transfer, less any appreciation in the asset's value attributable solely to acts of the transferee(s) and successor(s). The warrantor will further pay to the warrantee interest at the rate of 10 percent per annum from the date elected for determination of the fair market value of the asset to the date of payment.

5

Lupo

Marital Settlement Agreement
Marriage of Lupo

This provision will not be deemed to impair the availability, in a Court of competent jurisdiction, of any other remedy arising from undisclosed gifts or transfers for less than adequate consideration.

3.08. **WARRANTY REGARDING AFTER-ACQUIRED LIABILITIES.** Each party warrants to the other that he or she will not incur, after the effective date of this agreement, any liability on which the other will be or may become personally liable or that could be enforced against an asset held by the other party.

3.09. **REMEDY FOR BREACH.** If either party incurs, after the effective date of this agreement, any liability on which the other will be or may become personally liable or that could be enforced against an asset held by the other party, that warrantor will indemnify the other for any liability on the obligation, attorney fees, and related costs.

3.10. **DISPOSITION OF AFTER-ACQUIRED ASSETS.** All assets acquired by either party after the date of separation of the parties will be the separate property of the party acquiring them, and each party disclaims and waives any and all rights and interest in each asset acquired by the other after that date.

## IV. ATTORNEY FEES AND COSTS

4.01. **CONTRIBUTION BY HUSBAND TO WIFE'S FEES.** Husband will pay $10000.00 to Hosford & Hosford, Inc., attorneys for Wife, as a contribution toward attorney fees and costs incurred by Wife in connection with the discovery, litigation, negotiation, preparation, and execution of this agreement as it relates to spousal support in the pending proceeding for dissolution of marriage, payable from the proceeds being held in trust Said payment will be paid directly from trust and deducted from the amount awarded to Husband pursuant to Paragraph 5.02 (a)(1). Wife will be solely responsible for any fees and costs incurred over this amount. The payment provided for, whether or not reduced to judgment, is intended to be in the nature of support and therefore not dischargeable in bankruptcy. Husband will be provided documentation of said payment when made.

6

Lupo

Marital Settlement Agreement
Marriage of Lupo

## V. INCOME TAX

### 5.01. 2001 Tax Year

(a) ALLOCATION OF REFUNDS/LIABILITIES. Husband will receive 75 percent of the anticipated refunds in connection with the parties' joint federal and state income tax returns for the tax year 2001. Wife will receive 25 percent of the anticipated refunds in connection with those returns. Any tax liability due will be payable from each party in the same ratio as their individual taxable income.

(b) PREPARATION AND FILING. Wife will provide whatever documentation concerning income she had (1099, statement of benefits etc.) to Husband by March 15, 2002. Husband shall complete the tax returns and forward same to Wife. Wife shall return the executed tax return to Husband within 72 hours.

(c) SUBSEQUENT LIABITLITY FROM AUDIT. Each party is relying solely on other party's representations concerning 2001 income and expenses. In the event a tax liability is imposed as a result of audit of the 2001 returns, Husband shall be solely responsible for any additional tax due to his income/deductions and hold Wife harmless therefrom and Wife shall be solely responsible for any additional tax due to her income/deductions and hold Husband harmless therefrom.

(d) FAILURE TO EXECUTE RETURNS. In the event Wife fails to execute the prepared returns for the 2001 tax year or return them to Husband within 72 hours after receipt, Husband is authorized to file the return electronically and Wife will pay reasonable attorney's fees for a motion brought by Husband to compel wife to execute the returns.

Marital Settlement Agreement
Marriage of Lupo

## VI. GENERAL PROVISIONS

**6.01. RELEASE OF LIABILITIES AND CLAIMS.** Except as otherwise provided in this agreement, each party hereby releases the other from all interspousal obligations, whether incurred before or after the effective date, and all claims to the property of the other. This release extends to all claims based on rights that have accrued before the marriage, including, but not limited to, property and support claims. The parties have considered such claims in this agreement.

**6.02. STATUS OF TEMPORARY ORDERS.** All temporary orders previously rendered by the Court in the pending dissolution action of the parties will be deemed fully satisfied as to those acts whose performance was required on or before the effective date of this agreement and will be deemed superseded by this agreement as to those acts whose performance was not so required.

**6.03. WAIVER OF RIGHTS ON DEATH OF OTHER PARTY.** Except for their rights under paragraph 3.02 of this agreement, each party hereby waives the right to receive any property or rights whatsoever on the death of the other, unless such right is created or affirmed by the other under a will or other written document executed after the effective date of this agreement. Each party believes that he or she has received a fair and reasonable disclosure of the property and financial obligations of the other party. Each party's waiver is intended to be an enforceable waiver of that party's rights under Probate Code sections 140-147.

The rights waived include, but are not limited to, rights to any of the following:

(a) Property that would pass from the decedent by intestate succession;

(b) Property that would pass from the decedent by testamentary disposition;

(c) A probate homestead;

8
Lupo

Marital Settlement Agreement
Marriage of Lupo

(d) The setting aside of exempt property;

(e) A family allowance;

(f) The setting aside of an estate;

(g) An election to take community or quasi-community property against the decedent's will;

(h) The statutory share of an omitted spouse;

(i) An appointment as executor or administrator of the decedent's estate, except as the nominee of a third party legally entitled to make such a nomination;

(j) Property that would pass from the decedent by nonprobate transfer, such as the survivorship interest under a joint tenancy, a Totten trust account, or a payable-on-death account; and

(k) Proceeds as beneficiary of any type of insurance policy.

6.04. **ENTIRE AGREEMENT.** This agreement contains the entire agreement of the parties on these matters, superseding any previous agreement between them.

6.05. **RECONCILIATION.** If the parties reconcile, this agreement will nevertheless remain in full effect unless and until it is modified or revoked in a writing signed by both parties.

6.06. **MODIFICATION BY SUBSEQUENT AGREEMENT.** This agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, an oral agreement to the extent that the parties execute it, or an in-court oral agreement made into an order by a Court of competent jurisdiction.

6.07. **ATTORNEY FEES IN ACTION TO ENFORCE OR MODIFY AGREEMENT.** The prevailing party in any action or proceeding to enforce or modify any provision of this agreement, or any corresponding provision of a subsequent judgment into which the provision is merged, will

MARITAL SETTLEMENT AGREEMENT

Rev 3.0  2/21/2002

Marital Settlement Agreement
Marriage of Lupo

be awarded reasonable attorney fees and costs. For the moving party to be deemed the prevailing party for purposes of this provision, at least ten days before the filing of any motion he or she must provide written notice to the other party specifying the alleged breach or default, if capable of being cured, or the modification requested. The other party must then be allowed to avoid implementation of this provision by curing the breach or default specified or executing an agreement for the modification requested during the ten-day period.

6.08. EFFECTIVE DATE. The effective date of this agreement will be the date of its execution by the second of the parties to do so. Hosford $ Hosford, Inc. will disburse sum from trust as set forth herein upon execution by both parties and both counsel. Faxed signatures will be sufficient to make this agreement binding and effective. Hosford & Hosford, Inc. are released from any liability for distributing sums from trust pursuant to this agreement.

6.09. COURT ACTION. If a judgment of dissolution of marriage is obtained by either party, the original of this agreement will be attached to the stipulated judgment. The Court will be requested to do the following:

   (a) Approve the entire agreement as fair and equitable;

   (b) Order the parties to comply with all of its executory provisions;

   (c) Merge the provisions relating to spousal support, future acts with respect to property division, attorney fees and costs, and income tax, and only those provisions, into the judgment; and

   (d) Incorporate the remainder of the agreement in the judgment for the sole purpose of identification.

6.10. LEGAL REPRESENTATION. Each party has been represented in the negotiations and in preparation of this agreement by an independent attorney of his or her own choosing: Husband by Robert Glasser, (Glasser & Smith) and Wife by Hosford & Hosford, Inc. Each party has carefully read this agreement in its

10
Lupo

MARITAL SETTLEMENT AGREEMENT

Marital Settlement Agreement
Marriage of Lupo

entirety, and his or her attorney has fully explained its
contents and legal effect.

The foregoing is agreed to by:

Date: _FEb. 25 2002_    _____
                        Husband

Date: _2-24-2002_       _____
                        Wife

Approved as conforming to the agreement of the parties:

Date: _2/25/02_         _____
                        Attorney for Husband

Date: _3-7-2002_        _____
                        Attorney for Wife

Exhibit 8

Certified Article Number

7160 3901 9848 9552 2124

SENDERS RECORD

E. Macey Russell, P.C.
(617) 248-4012
mrussell@choate.com

October 28, 2005

**VIA FIRST CLASS and CERTIFIED MAIL**

Ms. Sheryl Lupo
c/o Shirley Stroner
1081 Aloha Drive
Huntington Beach, CA 92646

Re:    VISA CREDIT CARD
       Account No. 4356-1700-0004-3854

Dear Ms. Lupo:

This firm and the undersigned represent the interest of Bank of America, N.A. (USA) ("Bank"). We write to inform you that you are in default on your Bank of America VISA Card, account no. 4427-000-187-0265, pursuant to the terms of your Account Agreement ("Agreement").

By way of background, on November 9, 1992, NationsBank of Delaware, N.A. ("NationsBank") opened a Visa Credit Card Account for you and/or your ex-husband Van A. Lupo, account no. 4356-1700-0004-3854. On or about December 19, 1997, NationsBank offered you and Mr. Lupo, a "platinum priority upgrade," which you signed and sent to NationsBank on behalf of you and Mr. Lupo. This resulted in your account being upgraded to a platinum account, account no. 4427-000-187-0265 ("the Account"). On September 30, 1998, NationsBank merged with Bank of America, N.A., NationsBank's holding company was renamed Bank of America Corporation, and Bank of America, N.A. (USA) now operates as a credit card company.

Currently, Mr. Lupo and you jointly and severally owe the Bank the sum of $18,896.58, which represents principal, interest and late charges as of October 14, 2005. Pursuant to the Agreement, interest will continue to accrue and additional attorneys' fees will be incurred.

Please be advised that there is a case pending in the Federal District Court, District of Massachusetts filed by Van A. Lupo, against the Bank entitled Van A. Lupo v. Bank of America Corporation, United States District Court, Worcester District, Civil Action No. 04-40202-FDS. A copy of the Complaint against the Bank and the Bank's Answer and Counterclaim against Mr. Lupo are enclosed herein. As of November 4, 2004, Mr. Lupo and you owed the Bank jointly and severally, the sum of $15,927.30 plus accruing interest, late charges, costs and attorneys' fees based upon the Counterclaim asserted in connection with the

Two International Place I Boston MA 02110 I t 617-248-5000 I f 617-248-4000 I choate.com

Ms. Sheryl Lupo
October 28, 2005
Page 2

Account of the above-referenced matter, and your continued default under the terms and conditions of the Agreement.

You continue to be in default of your obligations under the Agreement by your failure and refusal to pay the sums due and owing to the Bank. Demand is hereby made upon you for payment of all sums due within thirty (30) days. If you do not make the payment as required, you will be named as a defendant in the above-referenced litigation (or the Counterclaim) and the same claims brought against Mr. Lupo will be filed against you.

Pursuant to the California Fair Debt Collection Act, California Civil Code 1788 et seq., you have a right to dispute and obtain verification of this debt within 30 days of the receipt of this letter. If you do not dispute the total or any portion of this debt in writing within 30 days, the Bank will assume that all or a portion of the debt is valid.

Should you have any questions or comments, please do not hesitate to contact me. Any information you provide in connection with your Account will be used by the Bank for the purpose of collecting this debt. Further, in order to avoid any confusion, please do not contact the Bank directly concerning your obligations.

Very truly yours,

E. Macey Russell, P.C.

Enclosures

3993378v2