UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VAN A. LUPO, Plaintiff, and Counterclaim/Reach and Apply Defendant ) ) ) ) ) ) v. ) ) BANK OF AMERICA ) CORPORATION, Defendant, and ) Reach and Apply, Counterclaim and ) Cross-claim Plaintiff ) ) and SHERYL LUPO, Co-Defendant ) and Cross-claim Defendant ) ) ) | Civil Action No. 04-40202-FDS Hon. F. Dennis Saylor IV<br><br>Complaint Filed:  September 29, 2004<br><br>**"Leave Has Been Granted"** |

### DEFENDANT'S, BANK OF AMERICA, N.A. (USA), VERIFIED ANSWER TO THE AMENDED COMPLAINT OF PLAINTIFF, VAN LUPO, AMENDED COUNTERCLAIM, AND CROSS-CLAIM AGAINST SHERYL LUPO

The Defendant, Bank of America Corporation (the "Bank"), hereby files its

(i) response to the Amended Complaint of the Plaintiff, Van A. Lupo, ("Mr. Lupo"),

(ii) Amended Counterclaim against Mr. Lupo, and (iii) Cross-Claim against Sheryl Lupo.

### Introduction

1.     Bank of America Corporation is a publicly-traded company and is the

parent corporation of NB Holdings Corporation.  Bank of America Corporation did not

issue any credit to Mr. Lupo and is not a proper party to this action.  By way of further

answer, the Bank is without knowledge or information sufficient to form a belief as to the

truth to the allegations, inferences, and conclusions of law contained in Paragraph 1 and

subparts a. through c. of the Amended Complaint, and, therefore denies the allegations.

The Bank does not respond to the allegations in Paragraphs 2, 3, and 4 of Mr. Lupo's
Introduction section. The Bank further observes that Mr. Lupo has numbered Paragraphs
2, 3, and 4 of the Amended Complaint twice – once in the Introduction section, and then
in Jurisdiction and Venue/Parties section of the Amended Complaint. The Bank
therefore will answer the Amended Compliant beginning with Paragraph 2 of the
Jurisdiction and Venue section.

### Jurisdiction and Venue

2.    The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences, and conclusions of law contained in
Paragraph 2 of the Amended Complaint and, therefore, denies that jurisdiction is proper.

3.    The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences, and conclusions of law contained in
Paragraph 3 of the Amended Complaint and, therefore, denies that venue is proper.

### Parties

4.    The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences, and conclusions of law contained in
Paragraph 4 of the Amended Complaint concerning Mr. Lupo and, therefore, denies the
allegations.

5.    The Bank is without knowledge or information sufficient to form a belief
as to the truth to the allegations, inferences and conclusions of law contained in
Paragraph 5 of the Complaint. The Bank further answers the Amended Complaint in the
name of Bank of America, N.A. (USA) which is a national credit card company with a
place of business in Phoenix, Arizona. The Bank further answers by stating that Bank of
America, N.A. (USA) is a wholly owned subsidiary of Bank of America Corporation. By

2

way of further answer, the Credit Card Account Statements ("Account Statements") for the Lupos changed from NationsBank to Bank of America beginning with the April 10, 1999 Statement; the account number remained the same. A copy of the April 10, 1999 Account Statement to the Lupos is attached as Exhibit 1.

6.    The Bank is without knowledge on information sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 6 of the Amended Complaint, and therefore, denies the allegations.

### Factual Allegations

7.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 7 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers by stating that at all times, Mr. Lupo was aware of his obligations to the Bank under the credit card account he shared jointly with his ex-wife, Sheryl Lupo ("Sheryl Lupo). Specifically, the Bank opened a credit card account for Mr. & Mrs. Lupo on or about September 9, 1992, Account Number 4356-1700-0004-3854 and then later updated the account to a Platinum Account, Number 4427-1000-0187-0265 ("Visa Platinum Account"). The Bank further states that credit was issued to Mr. & Mrs. Lupo in accordance with the terms and conditions of the Cardholder Agreement ("Cardholder Agreement"). A copy of the Terms and Conditions for the Cardholder Agreement is attached hereto as Exhibit 2.

8.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 8 of the Amended Complaint and, therefore, denies the allegations.

3

9. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 9 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers by stating that Mr. Lupo has requested documentation concerning his account with the Bank such as the 1992 Nations Bank application, he has been provided with certain Account documentation, and discovery in this matter is ongoing.

10. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 10 of the Amended Complaint and, therefore, denies the allegations.

11. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 11 of the Amended Complaint and, therefore, denies the allegations.

12. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 12 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers that the Bank notified the appropriate credit bureaus that the information concerning the account was verified; Mr. Lupo did have a Visa Platinum Account with the Bank. The Bank further answers by stating that subsequently it notified the credit bureaus that the matter is disputed by Mr. Lupo.

13. The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 13 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers

4

by stating that Mr. Lupo and/or his representative contacted the Bank about the Visa Platinum Account.

14.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 14 of the Amended Complaint and, therefore, denies the allegations.

15.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 15 of the Amended Complaint and, therefore, denies the allegations.

16.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 16 of the Amended Complaint and, therefore, denies the allegations.

17.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 17 of the Amended Complaint and, therefore, denies the allegations. By way of further answer, Mr. Lupo has requested a "signature card" from the Bank.

18.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 18 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers by stating that on October 28, 2004, the Bank reported to the appropriate credit bureaus that this matter is disputed.

19.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions contained in Paragraph 19 of the Amended Complaint and, therefore, denies the allegations. The Bank further answers

5

by stating that it has provided Mr. Lupo with documents establishing his liability to the Bank under the Visa Platinum Account, it has corresponded with counsel for Mr. Lupo, and has responded to the Complaint and Amended Complaint.

20.    The Bank filed an Answer to the Original Complaint and a Counterclaim. The Bank also attached certain documents as exhibits to its Counterclaim which speak for themselves.

21.    The Bank is without knowledge on information sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 21 of the Amended Complaint and, therefore, denies the allegations.

22.    The Bank admits that Sheryl Lupo is liable to the Bank under the Visa Platinum Account and the Cardholder Agreement but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, inferences and conclusions of law contained in Paragraph 22 of the Amended Complaint and, therefore, denies the allegations.

23.    The Bank is without knowledge or information sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 23 of the Amended Complaint.

**Count I**
**(Violations of Federal Consumer Credit Protection Act)**

24.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 23 of the Amended Complaint and incorporates them by reference as if separately set forth herein.

4028790v2

25.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 25 of the Amended Complaint and, therefore, denies the allegations.

26.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 26 of the Amended Complaint and, therefore, denies the allegations.

27.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 27 of the Amended Complaint and, therefore, denies the allegations.

28.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 28 subparts (a) through (d) of the Amended Complaint and, therefore, denies the allegations.

29.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 29 of the Amended Complaint.

### Count II
### (Violations of Massachusetts Consumer Credit Disclosure Act)

30.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 29 of the Amended Complaint and incorporates them by reference as if separately set forth herein.

31.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 31 of the Amended Complaint and, therefore, denies the allegations.

7

4028790v2

32.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 32 subparts (a) through (d) of the Amended Complaint and, therefore, denies the allegations.

33.     The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 33 of the Amended Complaint.

### Count III
### (Violation of Division of Banks and Loans Regulatory Code)

34.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 33 of the Amended Complaint and incorporates them by reference as if separately set forth herein.

35.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 35 of the Amended Complaint and, therefore, denies the allegations.

36.     The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 36 of the Amended Complaint and, therefore, denies the allegations.

37.     The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 37 of the Amended Complaint.

### Count IV
### (Violation of Massachusetts Consumer Protection Act)

38.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 37 of

8

the Amended Complaint and incorporates them by reference as if separately set forth herein.

39.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 39 of the Amended Complaint and, therefore, denies the allegations.

40.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 40 of the Amended Complaint.

41.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 41 of the Amended Complaint and, therefore, denies the allegations.

42.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 42 of the Amended Complaint and, therefore, denies the allegations.

43.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 43 of the Amended Complaint.

44.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 44 of the Amended Complaint.

## Count V
### (Libel)

45.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1 through 44 of the Amended Complaint and incorporates them by reference as if separately set forth herein.

9

46.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 46 of the Amended Complaint and, therefore, denies the allegations.

47.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 47 of the Amended Complaint and, therefore, denies the allegations.

48.    The Bank is without knowledge or information sufficient to form a belief as to the truth to the allegations, inferences and conclusions of law contained in Paragraph 48 of the Amended Complaint and, therefore, denies the allegations.

49.    The Bank denies the allegations, inferences and conclusions of law contained in Paragraph 49 of the Amended Complaint.

**Demands**

50.    The Bank denies the demands contained in Paragraph 50 of the Amended Complaint.

51.    The Bank denies the demands contained in Paragraph 51 of the Amended Complaint.

52.    The Bank denies the demands contained in Paragraph 52 of the Amended Complaint.

**Counts and Demands Against Sheryl Lupo**

**Count I**
**(Misrepresentation/Fraud)**

53.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-52 of the Amended Compliant as if separately set forth herein.

10

54.    The allegations, inferences and conclusions of law contained in Paragraph 54 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 54 and therefore, denies the allegations.

55.    The allegations, inferences and conclusions of law contained in Paragraph 55 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 55 and therefore, denies the allegations.

56.    The allegations, inferences and conclusions of law contained in Paragraph 56 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 56 and therefore, denies the allegations.

57.    The allegations, inferences and conclusions of law contained in Paragraph 57 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 57 and therefore, denies the allegations. By way of further answer, to the extent that Sheryl Lupo executed any documents for or on behalf of Van Lupo, the Bank was justified in relying upon the authority of Sheryl Lupo to do so.

4028790v2

58.    The allegations, inferences and conclusions of law contained in Paragraph 58 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 58 and therefore, denies the allegations.

59.    The allegations, inferences and conclusions of law contained in Paragraph 59 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 59 and therefore, denies the allegations.

## Count II
## (Breach of Contract)

60.    The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-59 of the Amended Compliant as if separately set forth herein.

61.    The allegations, inferences and conclusions of law contained in Paragraph 61 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 61 and therefore, denies the allegations.

62.    The allegations, inferences and conclusions of law contained in Paragraph 62 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is

12

4028790v2

without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 62 and therefore, denies the allegations.

63.     The allegations, inferences and conclusions of law contained in Paragraph 63 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 63 and therefore, denies the allegations.

64.     The allegations, inferences and conclusions of law contained in Paragraph 64 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 64 and therefore, denies the allegations.

65.     The allegations, inferences and conclusions of law contained in Paragraph 65 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 65 and therefore, denies the allegations.

### Count III
### (Intentional Infliction of Emotional Distress)

66.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-65 of the Amended Compliant as if separately set forth herein.

67.     The allegations, inferences and conclusions of law contained in Paragraph 67 of the Amended Complaint are not directly against the Bank.

13

Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 67 and therefore, denies the allegations.

68.    The allegations, inferences and conclusions of law contained in Paragraph 68 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 68 of the Amended Complaint and therefore, denies the allegations.

69.    The allegations, inferences and conclusions of law contained in Paragraph 69 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 69 of the Amended Complaint and therefore, denies the allegations.

70.    The allegations, inferences and conclusions of law contained in Paragraph 70 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 70 of the Amended Complaint and therefore, denies the allegations.

71.    The allegations, inferences and conclusions of law contained in Paragraph 71 of the Amended Complaint are not directly against the Bank.

14

Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 71 of the Amended Complaint and therefore, denies the allegations.

### Count IV
### (Violation of 18 USC Chapter 96, et seq. RICO)

72.     The Bank re-avers and restates each of its responses to the allegations, inferences, conclusions, and conclusions of law contained in Paragraphs 1-71 of the Amended Compliant as if separately set forth herein.

73.     The allegations, inferences and conclusions of law contained in Paragraph 73 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 73 and therefore, denies the allegations.

74.     The allegations, inferences and conclusions of law contained in Paragraph 74 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank is without knowledge sufficient to form a belief as to the truth of the allegations, inferences and conclusions of law in Paragraph 74 of the Amended Complaint and therefore, denies the allegations.

### Demands

75.     The allegations, inferences and conclusions of law contained in Paragraph 75 of the Amended Complaint are not directly against the Bank.

4028790v2

Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 75 of the Amended Complaint.

76.    The allegations, inferences and conclusions of law contained in Paragraph 76 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 76 of the Amended Complaint.

77.    The allegations, inferences and conclusions of law contained in Paragraph 77 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 77 of the Amended Complaint.

78.    The allegations, inferences and conclusions of law contained in Paragraph 78 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 78 of the Amended Complaint.

79.    The allegations, inferences and conclusions of law contained in Paragraph 79 of the Amended Complaint are not directly against the Bank. Notwithstanding, to the extent that the Bank must respond to such allegations, the Bank denies the demands contained in Paragraph 79 of the Amended Complaint.

## Affirmative Defenses

1.    By way of affirmative defense, the Bank states that the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure.

2.    By way of affirmative defense, the Bank states that Mr. Lupo has been unjustly enriched by the funds advanced to Mr. Lupo and Sheryl Lupo, and he would be

16

further unjustly enriched by an award in this case and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

3.    By way of affirmative defense, the Bank states that to the extent that Mr. Lupo has incurred any damages, the damages were caused by someone other than the Bank and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

4.    By way of affirmative defense, the Bank states that to the extent it was required to act in a commercially reasonable manner, it did so, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

5.    By way of affirmative defense, the Bank states that Mr. Lupo has failed to fully and properly comply with M.G.L. ch. 93A, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

6.    By way of affirmative defense, the Bank states that Mr. Lupo failed to properly make a demand under M.G.L. ch. 93A, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

7.    By way of affirmative defense, the Bank states that its actions, if any, were not the cause of the injuries or damages alleged by Mr. Lupo and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

8.    By way of affirmative defense, the Bank states that the damages claimed were caused by matters beyond the control of the Bank, and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

9.    By way of affirmative defense, the Bank states that Mr. Lupo failed to mitigate his damages and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

10.     By way of affirmative defense, the Bank states that Mr. Lupo has failed to comply with M.G.L. ch. 93A as the actions claimed did not occur substantially within the Commonwealth of Massachusetts and, therefore, Mr. Lupo is not entitled to recover under M.G.L. ch. 93A against the Bank in this matter.

11.     By way of affirmative defense, the Bank states that Mr. Lupo by his acts and conduct failed to perform under the Cardholder Agreement and Platinum Visa Account which excused any obligation of the Bank to perform and, therefore, Mr. Lupo is not entitled to recover against the Bank in this matter.

12.     By way of affirmative defense, the Bank states that the claims are barred by the applicable statute of limitations.

13.     By way of affirmative defense, the Bank states that Mr. Lupo failed to take action in connection with his divorce from Mrs. Lupo to pay the amount due on the Visa Platinum Account, and if anyone is liable to Mr. Lupo, it is his ex-wife, Sheryl Lupo and not the Bank.

14.     By way of affirmative defense, the Bank states that the statements made concerning or relating to Mr. Lupo's Visa Platinum Account were true and, therefore, the Bank is not liable to Mr. Lupo.

15.     By way of affirmative defense, the Bank states that its notification to the credit bureaus of the status of the account, when reported, was substantially true in all respects and, therefore, Mr. Lupo is not entitled to recover against the Bank in the matter.

16.     By way of affirmative defense, the Bank states that its actions in notifying the credit bureaus of Mr. Lupo's liability under the Cardholder Agreement and Visa Platinum Account were not malicious and, therefore, Mr. Lupo is not entitled to recover.

18

17.    By way of affirmative defense, the Bank states that Mr. Lupo did not mitigate his damages as it relates to his credit history, and, therefore, he is not entitled to recover damages for libel.

## Amended Counterclaim

The Counterclaim Plaintiff, Bank of America, N.A., (USA) ("Bank"), brings this Amended Counterclaim against the Counterclaim Defendant, Van A. Lupo, ("Mr. Lupo"), for breach of his Cardholder Agreement, unjust enrichment, money had and received, and to reach and apply any monies owed to Sheryl Lupo.

## Parties

1.    The Counterclaim Plaintiff, Bank of America, N.A. (USA), is a duly organized national credit card company with a place of business in Phoenix, Arizona.

2.    The Counterclaim Defendant, Van A. Lupo, is an individual who resided at 1181 Pacific Cove Lane, Huntington Beach, California with his wife, Sheryl Lupo. On information and belief, Mr. Lupo currently resides at 61 Neck Hill Road, Hopedale, Massachusetts.

3.    The Cross-Claim Defendant, Sheryl Lupo, is an individual residing on information and belief at 1081 Aloha Drive, Huntington Beach, California.

## Count I
### (vs. Mr. Lupo for Breach of Cardholder Agreement and Visa Platinum Account)

4.    The Bank re-avers and re-alleges each of the allegations contained in Paragraph 1 through 3 of the Amended Counterclaim and incorporates them by reference as if separately set forth herein.

5.    On or about July 28, 1989, Van Lupo and Sheryl Lupo married, and thereafter lived in Huntington Beach, California.

4028790v2

6.    On or about September 9, 1992, the Bank opened a Visa Credit Card Account for Sheryl L. Lupo and/or Van A. Lupo, Account Number 4356-1700-0004-3854. In connection therewith, Mr. Lupo agreed to be bound by the terms and conditions of the Cardholder Agreement. (*See* Exhibit 2.)

7.    On or about December 19, 1997, the Bank offered Sheryl Lupo and Van Lupo a "Platinum Priority Card Upgrade" which Sheryl Lupo prepared and sent to the Bank on their behalf. This resulted in the Lupo's account being upgraded to a Platinum Account, Account Number 4427-1000-0187-0265 ("Visa Platinum Account"). A copy of the Upgrade Form is attached hereto as Exhibit 3.

8.    On May 2, 1998, May 23, 1998, December 3, 1998, April 5, 1999, and June 9, 1999, Mr. Lupo signed checks drawn on the joint checking account with Sheryl Lupo, and made payments to the account. The June 1999 credit card statement identified Mr. Lupo as the co-holder of the account with Sheryl Lupo. A copy of the May 2, 1998 cancelled check and corresponding Account Statement are attached hereto as Exhibit 4.

9.    Prior to March 2000, Mr. Lupo made approximately $165,000 per year as a computer engineer.

10.    On or about June 15, 2000, Mr. Lupo and Sheryl Lupo made their last payment on the Visa Platinum Account by a check in the sum of $150.

11.    On information and belief, on or about August 9, 2000, Mr. Lupo executed a document entitled, "Transfer of Responsibility Form (Part 1 and Part 2)." A copy of the Transfer of Responsibility Form is attached hereto as Exhibit 5. Under the Transfer of

20

Responsibility Form, Mr. Lupo acknowledges liability to the Bank under the Cardholder Agreement and Visa Platinum Account.

12.     On or about September 5, 2000, Van Lupo filed a Petition for Divorce against Sheryl Lupo in the Probate Court for Orange County, California.

13.     On information and belief, as of November 10, 2000, the balance on the Lupo's Visa Platinum Account was $7,623.49. A copy of the November 10, 2000 Account Statement is attached as Exhibit 6.

14.     Under the terms of the Cardholder Agreement and Account Statements, the Bank extended credit to Mr. Lupo and Sheryl Lupo and in exchange, they were required to make all payments on the Visa Platinum Account as agreed. (*See* Exhibit 2.)

15.     The Bank mailed properly addressed monthly Account Statements to Mr. Lupo and Sheryl Lupo requesting that they contact the Bank and make arrangements to pay the debt then due and owing. Neither Mr. Lupo nor Sheryl Lupo contacted the Bank in response (i) to the Account Statements which showed the amounts past due, or (ii) to telephone calls from the Bank.

16.     Mr. Lupo obtained a divorce from Sheryl Lupo on July 29, 2002 but remained obligated under the Cardholder Agreement and Visa Platinum Account to the Bank.

17.     Mr. Lupo has breached the Cardholder Agreement and Visa Platinum Account with the Bank by failing to make payments as required, and he has further defaulted by failing and refusing to pay the principal balance due of $15,927.30 as of November 28, 2004, plus interest, accruing interest, late charges, costs and attorneys' fees.

21

18.     Mr. Lupo owes the Bank a sum to be assessed and determined at trial plus interest, costs, and attorneys' fees.

### Count II
### (vs. Mr. Lupo for Money Had and Received)

19.     The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 18 of the Amended Counterclaim and incorporates them by reference as if separately set forth herein.

20.     The Bank extended credits and funds for the benefit of Mr. Lupo and Sheryl Lupo to purchase various goods and services for their benefit. (*See* Exhibits 1 and 4.)

21.     The Bank has made demand upon Mr. Lupo for re-payment of the sums owed by Mr. Lupo and Sheryl Lupo but Mr. Lupo has failed and refused, and continues to refuse to make payment of the amounts owed and advanced to him under the Cardholder Agreement and Platinum Visa Account.

22.     Mr. Lupo owes the Bank, in equity, a sum to be assessed and determined at trial, plus interest, accruing interest and costs.

### Count III
### (vs. Mr. Lupo for Unjust Enrichment)

23.     The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 22 of the Amended Counterclaim and incorporates them by reference as if separately set forth herein.

24.     The Bank extended credit and funds to Mr. Lupo and Sheryl Lupo in the principal sum of approximately $6,599.41, as of the time of the charge-off of the account on January 10, 2001, Mr. Lupo has failed and refused to repay the sums due and owing to

22

the Bank, and the Bank has suffered additional economic harm from the loss of use of such funds.

25.    Mr. Lupo has been unjustly enriched and Mr. Lupo owes the Bank, in equity, a sum to be assessed and determined at trial, plus interest and costs.

### Count IV
### (vs. Mr. Lupo under M.G.L. ch. 214, §3(6)
### to Reach and Apply Funds Owed to Sheryl Lupo)

26.    The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1-25 of the Amended Counterclaim and incorporates them by reference as if separately set forth herein.

27.    On information and belief, pursuant to Section 2.01 of the Marital Settlement Agreement filed with the Probate Court on or about July 8, 2002, Mr. Lupo, "… [] will pay to [Sheryl Lupo] for spousal support the sum of $3,000.00 per month, payable in advance, on or before the fifth day of each month, commencing on March 1, 2002 and until either party's death, the remarriage of [Sheryl Lupo] or modification or termination by further Court Order whichever occurs first." A copy of the Marital Settlement Agreement is attached hereto as Exhibit 7.

28.    On information and belief, only if self-employed, Mr. Lupo was obligated to pay bi-monthly Sheryl Lupo, "thirty percent (30%)" of all gross taxable self-employment income (gross receipts less reasonable business expenses in excess of $5,006.67 per month) ("excess income") up to payment of $3,000 per month to respondent/wife."

29.    On information and belief, (i) the July 8, 2002 Divorce Decree has not been amended to reduce the $3,000 monthly alimony payment due from Mr. Lupo to Sheryl Lupo, and (ii) Mr. Lupo is not self-employed.

23

30.     On information and belief, Mr. Lupo has only made monthly payments of $500 per month to Sheryl Lupo since July 29, 2002, and may owe Sheryl Lupo a sum up to $102,500 plus interest through December 31, 2005, which represents forty-one (41) months of the balance due per month of $2,500.

31.     On information and belief, Mr. Lupo is in possession of goods, effects or credits of Sheryl Lupo in a sum up to $102,500 plus interest which can be used to pay Sheryl Lupo's obligations to the Bank.

32.     Pursuant to Mass. Gen Laws Ch. 214, §3(6), the Bank is entitled to reach and apply the goods, effects and credits of Sheryl Lupo standing in the hands of Mr. Lupo as security for a judgment against Sheryl Lupo which cannot be attached at law.

33.     Pursuant to Mass. Gen Laws Ch. 214, §3(6), the Bank is entitled to injunctive relief to enjoin and restrain Mr. Lupo and his agents, servants, and employees, and attorneys from disposing, secreting, concealing or otherwise disposing of the funds, on information and belief, which are due and owing to Sheryl Lupo until further Order of the Court.

## Count V
### (vs. Mr. Lupo for Injunctive Relief)

34.     The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 33 of the Amended Counterclaim and incorporates them by reference as if separately set forth herein.

35.     Sheryl Lupo has defaulted under the terms of the Visa Platinum Account and the Cardholder Agreement, as amended, by her failure to pay the Bank as agreed.

36.     On information and belief, Mr. Lupo is in possession of funds due and owing of Sheryl Lupo in a sum up to at least $102,500 plus interest.

24

37.    On information and belief, Sheryl Lupo does not intend to use the funds or assets due and owing from Mr. Lupo to pay her obligations to the Bank as set forth herein.

38.    The Bank is informed, believes, therefore avers that it has a likelihood of success on the merits in its case against Sheryl Lupo, and Sheryl Lupo does not have insurance or other assets available to satisfy her obligations to the Bank, that the Bank cannot attach at law the funds or assets of Sheryl Lupo as due and owing from Mr. Lupo, and that injunctive relief, is prayed for herein, is reasonable and necessary as security for Sheryl Lupo's obligations to the Bank.

39.    In light of the alleged acts and conduct of Sheryl Lupo, which includes a default under the Cardholder Agreement, as amended, and Visa Platinum Account, the Bank is informed, believes, and therefore avers that unless Sheryl Lupo and Mr. Lupo are enjoined and restrained as prayed for herein, there is a reasonable likelihood that they will transfer, assign, encumber, pledge, or conceal the assets of Sheryl Lupo which will cause the Bank irreparable harm.

### Cross-claim

The Cross-claim Plaintiff, Bank of America, N.A., (USA) ("Bank"), brings this Cross-claim against the Cross-claim Defendant, Sheryl Lupo ("Sheryl"), for breach of the Cardholder Agreement and Visa Platinum Account, unjust enrichment, money had and received, and to reach and apply funds or assets in the hands of Mr. Van Lupo which are due and owing to Sheryl Lupo.

### Parties

1.    The Cross-claim Plaintiff, Bank of America, N.A. (USA), is a duly organized national credit card company with a place of business in Phoenix, Arizona.

4028790v2

2.     The Cross-claim Defendant, Sheryl Lupo, ("Sheryl Lupo"), is an individual residing at 1081 Aloha Drive, Huntington Beach, California.

3.     The Counterclaim and Reach and Apply Defendant, Van Lupo, ("Mr. Lupo"), is an individual currently residing at 430 Franklin Village Drive, Franklin, Massachusetts.

## Count I
### (vs. Sheryl Lupo for Breach of Cardholder Agreement and Visa Platinum Account)

4.     The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 3 of the Cross-claim and Paragraphs 1 through 39 of the Counterclaim and incorporates them by reference as if separately set forth herein.

5.     On or about July 28, 1989, Van Lupo and Sheryl Lupo married, and thereafter lived in Huntington Beach, California.

6.     On or about September 9, 1992, the Bank opened a Visa Credit Card Account for Sheryl L. Lupo and/or Van A. Lupo, Account Number 4356-1700-0004-3854.

7.     Sheryl Lupo executed checks drawn on a joint checking account with Mr. Lupo and made payments to the Bank on the Visa Credit Card account.  The June 1999 Account Statement identifies Mr. Lupo as the co-holder of the account with Sheryl Lupo.  (*See* Exhibit 3.)

8.     On or about December 19, 1997, the Bank offered Sheryl Lupo and Van Lupo a "Platinum Priority Card Upgrade" which Sheryl Lupo prepared and sent to the Bank on their behalf.  This resulted in the Lupo's account being upgraded to a Platinum Account, Account Number 4427-1000-0187-0265 ("Platinum Visa Account"). (*See* Exhibit 3.)

26

9.      On or about September 5, 2000, Van Lupo filed a Petition for Divorce against Sheryl Lupo in the Probate Court for Orange County, California.

10.     On information and belief, as of November 10, 2000, the balance on the Visa Platinum Account was $7,623.49, (see Exhibit 6), and the Lupos last made a payment in the sum of $150 on June 12, 2000.

11.     Under the terms of the Cardholder Agreement and Platinum Visa Account, the Bank extended credit to Mr. Lupo and Sheryl Lupo and in exchange, they were required to make all payments to the Bank as agreed.  (See Exhibit 2.)

12.     Mr. Lupo and Sheryl Lupo remained obligated under the Cardholder Agreement and Visa Platinum Visa Account after the Probate Court entered a Divorce Decree on July 29, 2002.

13.     Sheryl Lupo has breached the Cardholder Agreement and Visa Platinum Account with the Bank by failing to make payments as required, and she has further defaulted by failing and refusing to pay the principal balance due of $15,927.30 as of November 28, 2004, plus interest, accruing interest, late charges, costs and attorneys' fees.

14.     Sheryl Lupo owes the Bank a sum to be assessed and determined at trial plus interest, costs, and attorneys' fees.

### Count II
### (vs. Sheryl Lupo for Money Had and Received)

15.     The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 14 of the Cross-claim and incorporates them by reference as if separately set forth herein.

4028790v2

16.    The Bank extended credits and funds for the benefit of Mr. Lupo and Sheryl Lupo to purchase various goods and services for their benefit. (*See* Exhibits 1 and 3.)

17.    On October 28, 2005, the Bank made demand upon Sheryl Lupo for re-payment of the sums owed but she has failed and refused, and continues to refuse to make payment of the amounts owed and advanced to her under the Cardholder Agreement and Visa Platinum Account. A copy of the October 28, 2005 Demand Letter is attached hereto as Exhibit 8.

18.    Sheryl Lupo owes the Bank, in equity, a sum to be assessed and determined at trial, plus interest, accruing interest and costs.

### Count III
### (vs. Sheryl Lupo for Unjust Enrichment)

19.    The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 18 of the Cross-claim and incorporates them by reference as if separately set forth herein.

20.    The Bank extended credit and funds to Mr. Lupo and Sheryl Lupo in the principal sum of approximately $6,599.41, as of the time of charge-off on January 10, 2001, Sheryl Lupo has failed and refused to repay the sums due and owing to the Bank, and the Bank has suffered additional economic harm from the loss of use of such funds.

21.    Sheryl Lupo has been unjustly enriched and she owes the Bank, in equity, a sum to be assessed and determined at trial, plus interest and costs.

4028790v2

## Count IV
### (vs. Sheryl Lupo to Reach and Apply Funds Owed by Mr. Lupo)

22.    The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 21 of the Cross-claim and Paragraphs 1 through 39 of the Counterclaim and incorporates them by reference as if separately set forth herein.

23.    On information and belief and pursuant to the Marital Settlement Agreement, Mr. Lupo is obligated to pay Sheryl Lupo lifetime alimony in the sum of $3,000 per month beginning on or about July 29, 2002.

24.    On information and belief, Mr. Lupo has only made monthly alimony payments of $500 since July 2002, and may owe Sheryl Lupo a sum of up to $102,500 plus interest which represents 41 payments of the balance due each month of $2,500 from July 2002 through December 31, 2005.

25.    Pursuant to Mass. Gen. Laws Ch. 214, §3(6), the Bank is entitled to reach and apply any funds due and owing by Mr. Lupo to Sheryl Lupo in satisfaction of her obligations to the Bank as they cannot be attached at law.

26.    Pursuant to Mass. Gen. Laws Ch. 214, §3(6), the Bank is entitled to injunctive relief to enjoin and restrain Sheryl Lupo and her agents, servant, employees and attorneys from dissipating, assigning, concealing, transferring or conveying any of the funds or assets due and owing from Mr. Lupo until further Order of the Court.

## Count V
### (vs. Sheryl Lupo for Injunctive Relief)

27.    The Bank re-avers and re-alleges each of the allegations contained in Paragraphs 1 through 26 of the Cross-claim and Paragraphs 1 through 39 of the Counterclaim incorporates them by reference as if separately set forth herein.

29

28.    Sheryl Lupo has defaulted on the terms and conditions of the Visa

Platinum Account and the Cardholder Agreement, as amended, by her failure to pay the

Bank, as agreed.

29.    On information and belief, Sheryl Lupo does not intend to use the money

owed to her by Mr. Lupo or her future monthly alimony payments which are due and

owing from Mr. Lupo, as set forth herein, to satisfy her obligations to the Bank.

30.    The Bank is informed, believes, therefore avers, that it has a likelihood of

success based on the merits of this case against Sheryl Lupo, that Sheryl Lupo does not

have insurance or assets available to satisfy her obligations to the Bank, that the Bank

cannot attach at law the assets or interests of Sheryl Lupo as due and owing from

Van Lupo, and that injunctive relief, as prayed for herein, is reasonable and necessary as

security for her obligations to the Bank.

31.    In light of the alleged acts and conduct of Sheryl Lupo, which includes a

default under the Cardholder Agreement, as amended, and Visa Platinum Account the

Bank is informed, believes and therefore, avers that unless Sheryl Lupo and Mr. Lupo are

enjoined and restrained as prayed for herein, there is a reasonable likelihood that they

will assign, transfer, encumber, pledge, or conceal the assets of Sheryl Lupo which would'

cause the Bank irreparable harm.

WHEREFORE, the Defendant, Cross-Claim Plaintiff and Counterclaim Plaintiff,

Bank of America, N.A. (USA), moves this Court as follows:

1.    That this Court enter an Order under Count V of the Cross-claim and

Count V of the Counterclaim preliminarily enjoining and restraining the Counterclaim

Defendant, Van A. Lupo, and the Cross-claim Defendant, Sheryl Lupo, and their

4028790v2

respective agents, servants, employees, attorneys, trustees, beneficiaries, officers, directors, pledgees, assignees, nominees, accountants, successors, each and everyone of them from selling, assigning, transferring, alienating, conveying, pledging, hypothecating, encumbering, or in any other manner disposing of or diminishing of or effecting the assets of Sheryl Lupo below the sum of $100,000, and further that they be enjoined and restrained from making any payments to Sheryl Lupo directly or indirectly, until further Order of the Court.

2. That this Court dismiss the Amended Complaint of the Plaintiff, Van A. Lupo, against the Defendant, Bank of America, N.A. (USA), under Counts I, II, III, IV and V of the Amended Complaint;

3. That this Court find for the Counterclaim Plaintiff, Bank of America, N.A. (USA), and against the Counterclaim/Reach and Apply Defendant, Van A. Lupo, under Counts I, II, III, IV and V of the Amended Counterclaim in an amount to be assessed and determined at trial, plus interest, costs and attorneys' fees;

4. That this Court find for the Cross-claim Plaintiff, Bank of America, N.A. (USA), and against the Cross-claim Defendant, Sheryl Lupo, under Counts I, II, III, IV and V of the Cross-claim in an amount to be assessed and determined at trial plus interest, costs and attorneys fees.

5. That this Court continue the Preliminary Injunction in Prayer one as a permanent injunction until the Counterclaim/Reach and Apply Defendant, Van Lupo, and Cross-claim Defendant, Sheryl Lupo, pays in full the Counterclaim and Cross-claim Plaintiffs Bank of America, N.A. (USA).

31

6.     That this Court enter an Order under Count IV of the and Counterclaim and Count IV of the Cross-claim permitting the Cross-claim Plaintiff, Bank of America, N.A. (USA), to reach and apply under Mass. Gen. Laws Ch. 214, §3(6) goods, effects, credits, funds or assets in the possession, custody and/or control of the Counterclaim/Reach and Apply Defendant, Van Lupo, in satisfaction of Bank of America, N.A. (USA)'s Judgment and Execution against Sheryl Lupo.

7.     That this Court enters such other relief that it deems just and proper.

## DEMAND FOR JURY TRIAL

The Defendant, Bank of America, N.A. (USA), demands a jury trial.

BANK OF AMERICA, N.A. (USA)
By its attorneys,

/s/ Christopher A. Edwards
E. Macey Russell, P.C. (BBO #542371)
Christopher A. Edwards (BBO #640758)
Choate, Hall & Stewart, LLP
Two International Place
Boston, Massachusetts  02110
Tel:  (617) 248-5000

Dated:  March 22, 2006

4028790v2

I, Mary Lee Trevino, being duly sworn state on oath as follows that the facts are alleged in the Counterclaim and Cross-claim are true based upon the records of Bank of America, N.A. (USA) as they are kept in the usual and ordinary course of its business, and as to those statements made on information and belief, we believe them to be true.

_Mary Lee Trevino_
Mary Lee Trevino
~~Assistant~~ *and* Vice President
Bank of America, N.A. (USA)

### COMMONWEALTH OF MASSACHUSETTS

_____, ss                                    _____, 2006

Before me, the undersigned notary public, personally appeared the above named Mary Lee Trevino, whose name is signed on the preceding document, and such person acknowledged to me that she signed such document voluntarily, for its stated purpose. The identity of such person was proved to me through satisfactory evidence of identification, which was [_] photographic identification with signature issued by a federal or state governmental agency, [_] oath or affirmation of a credible witness, or [_] personal knowledge of the undersigned.

_Judy A. Wright_
Notary Public

My Commission Expires:
2-3-2008

JUDY A. WRIGHT
Notary Public - Arizona
Maricopa County
My Commission Expires
February 3, 2008

33

4028790v2

## CERTIFICATE OF SERVICE

I, Christopher A. Edwards, attorney for the Defendant, Bank of America, N.A. (USA), hereby certify that this document filed through the ECF system will be served electronically to the registered ECF participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent by certified mail, return receipt requested, to those indicated as non registered participants as follows:

> Ms. Sheryl Lupo
> c/o Shirley Stroner
> 1081 Aloha Drive
> Huntington Beach, CA 92646

> /s/ Christopher A. Edwards
> Christopher A. Edwards

Dated: March 22, 2006

4028790v2