## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

|  |  |  |
|---|---|---|
| VAN A. LUPO, | ) | |
| Plaintiff, and Counterclaim/Reach and Apply | ) | |
| Defendant | ) | |
| | ) | |
| v. | ) | C.A. Number 04-40202-FDS |
| | ) | |
| BANK of AMERICA CORPORATION, | ) | |
| Defendant, and Reach and Apply, Counterclaim and) | | |
| Cross-Claim Plaintiff | ) | |
| | ) | |
| and | ) | |
| SHERYL LUPO | ) | |
| Co-defendant and Cross-Claim Defendant | ) | |

## PLAINTIFF'S ANSWER TO

## BANK OF AMERICA, N.A. (USA)'s AMENDED COUNTERCLAIMS

Now comes the Van A. Lupo ("Mr. Lupo") and hereby files his response to Bank of
America, N.A. (USA)'s (hereinafter "Bank") Verified Answer to the Amended
Complaint of Plaintiff, Van Lupo, Amended Counterclaim and Cross-Claim Against
Sheryl Lupo.

### Introduction

1. Mr. Lupo agrees that Bank of America Corporation did not issue any credit to him.
   Mr. Lupo is without knowledge or information sufficient to form a belief as to the rest
   of the Bank's paragraph 1 and therefore denies any allegations contained therein.

   Mr. Lupo realleges paragraphs 2 through 4 under his Introduction section in the
   Amended Complaint.

### Jurisdiction and Venue

2. Mr. Lupo denies that the jurisdiction of this court is improper.
3. Mr. Lupo denies that the venue is improper.

## Parties

4. Mr. Lupo reallages paragraph 4 of his Amended Complaint.

5. Mr. Lupo is without knowledge or information sufficient to form a belief as to the Bank's allegations in paragraph 5 of its Answer and therefore denies any allegations contained therein.

6. Mr. Lupo realleges paragraph 6 of his Amended Complaint.

## Facts

7. Mr. Lupo denies that he signed for and authorized a credit card account with account number 4356-1700-0004-3854, later updated to a Platinum Account with an account number of 4427-1000-0187-0265. Mr. Lupo further answers by stating that the Bank has never produced, as required by federal law, a contract or credit card application with Mr. Lupo's signature.

8. Mr. Lupo realleges paragraph 8 of his Amended Complaint.

9. Mr. Lupo realleges paragraph 9 of his Amended Complaint and further answers that despite repeated requests after the initiation of this lawsuit and through discovery the Bank has still not produced any copy of the signature page of the credit card application, never mind a signature page of the credit card application that bears Mr. Lupo's verified signature.

10. Mr. Lupo realleges paragraph 10 of his Amended Complaint.

11. Mr. Lupo realleges paragraph 11 of his Amended Complaint.

12. Mr. Lupo realleges paragraph 12 of his Amended Complaint. Mr. Lupo further answers by denying the Bank's assertion that he did have a Platinum Account with the Bank.

13. Mr. Lupo realleges paragraph 13 of his Amended Complaint. Mr. Lupo further answers that the Bank admits that Mr. Lupo attempted to contact the Bank regarding the alleged account and to try to resolve the matter. The Bank was not cooperative and would not, nor could not, produce a signed credit card application or any other documentation. In fact, the Bank completely ignored, in violation of Federal law, Mr. Lupo's requests for information regarding the alleged account.

14. Mr. Lupo realleges paragraph 14 of his Amended Complaint.

15. Mr. Lupo realleges paragraph 15 of his Amended Complaint.

16. Mr. Lupo realleges paragraph 16 of his Amended Complaint.

17. Mr. Lupo realleges paragraph 17 of his Amended Complaint. Mr. Lupo further answers that despite this ongoing lawsuit and discovery request the Bank still has not produced a signature card, a signed credit card application or anything approximating a signature of Mr. Lupo agreeing to the extension of credit on this account.

18. Mr. Lupo realleges paragraph 18 of his Amended Complaint. Mr. Lupo further answers that the Bank has indeed reported this matter as disputed to the appropriate credit bureaus, but only since the inception of this lawsuit.

19. Mr. Lupo realleges paragraph 19 of his Amended Complaint. The Bank still has not, or can not, produce a *bona fide* signature of Mr. Lupo's requesting credit on the alleged account. Mr. Lupo further answers that it was not until he filed a lawsuit that the Bank would respond to Mr. Lupo's request for information about this account at all. This whole action has been necessitated because of the Bank's failure to respond as required by federal law.

20. Admitted as to the fact that the Bank answered the Original Complaint and a Counterclaim. Denied as to the exhibits produced "speak for themselves".

21. Mr. Lupo realleges paragraph 21 of his Amended Complaint.

22. Mr. Lupo realleges paragraph 22 of his Amended Complaint. Mr. Lupo further answers by stating that the Bank admits and agrees that Sheryl Lupo is liable to the Bank for this alleged credit card account.

23. Mr. Lupo realleges paragraph 23 of his Amended Complaint.

### Count I
### (Violations of Federal Consumer Credit Protection Act)

24. Mr. Lupo  re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 23 of this Answer and incorporates herein as if fully set forth

25. Mr. Lupo realleges paragraph 25 of his Amended Complaint.

26. Mr. Lupo realleges paragraph 26 of his Amended Complaint.

27. Mr. Lupo realleges paragraph 27 of his Amended Complaint.

28. Mr. Lupo realleges paragraph 28 of his Amended Complaint.

29. Mr. Lupo realleges paragraph 29 of his Amended Complaint.

## Count II
### (Violations of Massachusetts Consumer Credit Disclosure Act)

30. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 29 of this Answer and incorporates herein as if fully set forth.

31. Mr. Lupo realleges paragraph 31 of his Amended Complaint

32. Mr. Lupo realleges paragraph 32 of his Amended Complaint

33. Mr. Lupo realleges paragraph 33 of his Amended Complaint.

## Count III
### (Violation of Division of Banks and Loans Regulatory Code)

34. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 33 of this Answer and incorporates herein as if fully set forth.

35. Mr. Lupo realleges paragraph 35 of his Amended Complaint.

36. Mr. Lupo realleges paragraph 36 of his Amended Complaint.

37. Mr. Lupo realleges paragraph 37 of his Amended Complaint

## Count V
### (Violation of Massachusetts Consumer Protection Act)

38. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 37 of this Answer and incorporates herein as if fully set forth.

39. Mr. Lupo realleges paragraph 39 of his Amended Complaint.

40. Mr. Lupo realleges paragraph 40 of his Amended Complaint.

41. Mr. Lupo realleges paragraph 41 of his Amended Complaint.

42. Mr. Lupo realleges paragraph 42 of his Amended Complaint.

43. Mr. Lupo realleges paragraph 43 of his Amended Complaint

44. Mr. Lupo realleges paragraph 44 of his Amended Complaint

## Count V
### (Libel)

45. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 44 of this Answer and incorporates herein as if fully set forth.

46. Mr. Lupo realleges paragraph 46 of his Amended Complaint.

47. Mr. Lupo realleges paragraph 47 of his Amended Complaint.

48. Mr. Lupo realleges paragraph 48 of his Amended Complaint.

49. Mr. Lupo realleges paragraph 49 of his Amended Complaint.

## Demands

50. Mr. Lupo realleges his demands in paragraph 50 of his Amended Complaint.

51. Mr. Lupo realleges his demands in paragraph 51 of his Amended Complaint.

52. Mr. Lupo realleges his demands in paragraph 52 of his Amended Complaint.

## Counts and Demands Against Sheryl Lupo
## Count I
## (Misrepresentation/Fraud)

53. Mr. Lupo re-avers and restates each of its response to the allegations contained in
Paragraphs 1 through 52 of this Answer and incorporates herein as if fully set forth.

54. Mr. Lupo realleges paragraph 54 of his Amended Complaint.

55. Mr. Lupo realleges paragraph 55of his Amended Complaint.

56. Mr. Lupo realleges paragraph 56 of his Amended Complaint.

57. Mr. Lupo realleges paragraph 57 of his Amended Complaint.  Mr. Lupo further
answers by denying that the Bank was justified in relying upon the authority of Sheryl
Lupo to execute any documents for on behalf of Mr. Lupo.

58. Mr. Lupo realleges paragraph 58 of his Amended Complaint.

59. Mr. Lupo realleges paragraph 59 of his Amended Complaint.

## Count II
## (Breach of Contract)

60. Mr. Lupo re-avers and restates each of its response to the allegations contained in
Paragraphs 1 through 59 of this Answer and incorporates herein as if fully set forth.

61. Mr. Lupo realleges paragraph 61 of his Amended Complaint.

62. Mr. Lupo realleges paragraph 62 of his Amended Complaint.

63. Mr. Lupo realleges paragraph 63 of his Amended Complaint.

64. Mr. Lupo realleges paragraph 64 of his Amended Complaint.

65. Mr. Lupo realleges paragraph 65 of his Amended Complaint.

## Count III
## (Intentional Infliction of Emotional Distress)

66. Mr. Lupo re-avers and restates each of its response to the allegations contained in
Paragraphs 1 through 65 of this Answer and incorporates herein as if fully set forth.

67. Mr. Lupo realleges paragraph 67 of his Amended Complaint.

68. Mr. Lupo realleges paragraph 68 of his Amended Complaint.

69. Mr. Lupo realleges paragraph 69 of his Amended Complaint.

70. Mr. Lupo realleges paragraph 70 of his Amended Complaint.

71. Mr. Lupo realleges paragraph 71 of his Amended Complaint.

## Count IV
## (Violation of 18 USC Chapter 96, et seq. RICO)

72. Mr. Lupo re-avers and restates each of its response to the allegations contained in
Paragraphs 1 through 71 of this Answer and incorporates herein as if fully set forth.

73. Mr. Lupo realleges paragraph 73 of his Amended Complaint.

74. Mr. Lupo realleges paragraph 74 of his Amended Complaint.

## Demands

75. Mr. Lupo realleges his demands in paragraph 75 of his Amended Complaint.

76. Mr. Lupo realleges his demands in paragraph 76 of his Amended Complaint.

77. Mr. Lupo realleges his demands in paragraph 77 of his Amended Complaint.

78. Mr. Lupo realleges his demands in paragraph 78 of his Amended Complaint.

79. Mr. Lupo realleges his demands in paragraph 79 of his Amended Complaint.

## BANK'S AMENDED COUNTERCLAIM

### Parties

1. Mr. Lupo is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Bank's Amended Counterclaim.
2. Mr. Lupo admits as to the addresses, but denies that Sheryl Lupo is his wife.
3. Denied.

### Count I
### (vs. Lupo for Breach of Cardholder Agreement and VISA Platinum Account)

4. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 2 of this Counterclaim and incorporates herein as if fully set forth
5. Admitted.
6. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 6 and therefore denies the allegations. Mr. Lupo further answers by denying that he agreed to be bound by the terms and conditions of the Cardholder Agreement and further states that the Bank has failed to produce said credit card agreement.
7. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 7 and therefore denies the allegations. Furthermore Mr. Lupo states that the Bank's Exhibit 3 only shows that Sheryl Lupo, and not Mr. Lupo requested an upgrade of the alleged account.
8. Mr. Lupo admits that he wrote checks in payment of his ex-wife's account. He denies that he made payments because he believed it was his account.
9. Admitted.
10. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 10 and therefore denies the allegations. Mr. Lupo further states that Sheryl Lupo was and

is responsible for this account and thus Mr. Lupo has no knowledge as to when the last payment was made to the Bank.

11. Denied. The signature that the Bank purports to be that of Mr. Lupo, is in fact not his signature. The Bank is aware that Mr. Lupo claims that this is not his signature and thus Mr. Lupo also denies the Bank's allegations that paragraph 11 was made "on information and belief".

12. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 12 and therefore denies the allegations.

13. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 13 and therefore denies the allegations.

14. Denied. Mr. Lupo disavows any knowledge of a Credit Card Agreement with the Bank and furthermore demands an accounting of the difference between the previously stated $7,623.49 in November 2000 balance contained in the Bank's counterclaims in paragraph 13 and the $15,927.30 balance claimed by the Bank's counterclaim in paragraph 17.

15. Denied. Mr. Lupo further states that apparently the Bank mailed Account Statements to Sheryl Lupo at her new address in Napa Valley (attached as Exhibit A). Mr. Lupo had moved to Massachusetts in April of 2002 and never received an Account Statement from the Bank or any other documentation regarding the alleged account, despite repeated request to the Bank for said information, prior to the inception of this lawsuit.

16. Admitted as to the divorce, denied as to any obligations to the Bank.

17. Denied. Mr. Lupo disavows any knowledge of a Credit Card Agreement with the Bank and furthermore demands an accounting of the difference between the previously stated $7,623.49 in November 2000 balance contained in the Bank's counterclaims in paragraph 13 and the $15,927.30 balance claimed by the Bank's counterclaim in paragraph 17.

18. Denied.

## Count II
### (vs. Mr. Lupo for Money Had and Received)

19. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 18 of this Counterclaim and incorporates herein as if fully set forth.

20. Denied. Mr. Lupo further answers by stating that if the Bank extended credit it was for the benefit of Sheryl Lupo and not that of Mr. Van Lupo. Furthermore Mr. Lupo states that the Bank's Exhibits do not show that the Bank extended credit and funds for Mr. Lupo's benefit. Specifically, the Bank's Exhibit 3 shows that Sheryl Lupo, and not Mr. Lupo requested an upgrade. Exhibit 1 shows a monthly account statement/bill from the bank. There are no charges on that statement, and none that show Mr. Lupo's alleged use of the account.

21. Denied. Mr. Lupo never received a Demand for payment from the Bank or any other documentation regarding the alleged account, prior to the inception of this lawsuit. Mr. Lupo further answers by stating that if the Bank extended credit it was for the benefit of Sheryl Lupo and not that of Mr. Lupo. Mr. Lupo further states that he is not responsible to repay any alleged sums due and owing to the Bank.

22. Denied.

## Count III
### (vs. Mr. Lupo for Unjust Enrichment)

23. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 22 of this Counterclaim and incorporates herein as if fully set forth.

24. Denied. Mr. Lupo further answers by stating that if the Bank extended credit it was for the benefit of Sheryl Lupo and not that of Mr. Lupo. Mr. Lupo further states that he is not responsible to repay any alleged sums due and owing to the Bank.

25. Denied.

**Count IV**
**(vs. Mr. Lupo under MGL ch. 214 §3(6)**
**to Reach and Apply Funds Owed to Sheryl Lupo)**

26. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 25 of this Counterclaim and incorporates herein as if fully set forth.

27. Admitted. Mr. Lupo further states that the Marital Settlement Agreement referred to in this paragraph was the first agreement, and said Marital Settlement Agreement was subsequently modified to reflect Mr. Lupo's earnings after being laid off in the high technology economic downturn of 2002.

28. Admitted. By way of an Amendment to the Marital Settlement Agreement (attached hereto as Exhibit B) Mr. Lupo is required to pay thirty percent (30%) of all gross taxable self-employment income (gross receipts less reasonable business expenses in excess of $5,006.67 per month) up to a payment of $3000 per month to Sheryl Lupo. In other paragraphs of the Amendment to the Marital Settlement Agreement, Mr. Lupo is also required to pay a monthly loan payment on Sheryl Lupo's 1999 C280 Mercedes Benz automobile, insurance and registration and license fees for Sheryl Lupo's Mercedes and an annual premium for a $500,000 life insurance policy. The Bank has blatantly omitted, in its paragraph 28, the fact that the language they quote in paragraph 28 is in fact part of the Amendment to the Marital Settlement Agreement., an amendment that the Bank then claims in paragraph 29 does not exist! The Bank also leaves out the portion in that Amendment to the Marital Settlement Agreement where Mr. Lupo is to pay Sheryl Lupo $500 per month. Mr. Lupo has not made over $5000 per month since his divorce, continues to be self-employed, and has fully and completely complied with the Amended Marital Settlement Agreement support obligation.

29. Denied. The July 8, 2002 divorce decree has been amended (see Exhibit B) and Mr. Lupo further denies the Bank's allegations that paragraph 29 was made "on information and belief" as Mr. Lupo faxed the amendment to the divorce decree to the Bank's attorney on March 10, 2006 (fax and successful fax transmittal sheet attached hereto as Exhibit C). Mr. Lupo further states that he is still self-employed and has faxed his last three years of federal income tax which clearly shows his self-

employment status to the Bank's counsel on March 10, 2006 (see Exhibit C). Additionally, Mr. Lupo states that the bank quotes, in paragraph 28 from the very Amendment to the Marital Settlement Agreement the Bank claims does not exist.

30. Admitted as to the $500 per month, denied as to any "balance" owed Sheryl Lupo. Mr. Lupo further states that he has been and remains fully compliant with the Amendment to the Marital Settlement Agreement and is not in arrears on any alimony obligations. – the same $500 the Bank alleges in paragraph 30 of its Amended Answer and Amended Counterclaim that is *all* Mr. Lupo has paid in alimony to Sheryl Lupo.

31. Denied. Furthermore, Mr. Lupo denies the Bank's allegations that paragraph 31 was made "on information and belief" as Mr. Lupo has produced hard evidence to show that he is not in arrears and is not in possession of goods, effects or credits of Sheryl Lupo in the sum up to $102, 500 plus interest (see Exhibit C). Admitted in that Sheryl Lupo has the obligation to the Bank and not Mr. Lupo.

32. Denied. Mr. Lupo has no funds that can or should be subject to MGL ch. 214 §3(6).

33. Denied. Mr. Lupo denies the Bank's allegations that paragraph 31 was made "on information and belief" as Mr. Lupo has produced hard evidence to show that he is not in arrears and is not in possession of goods, effects or credits of Sheryl Lupo in the sum up to $102, 500 plus interest  or any other amount (see Exhibit C).

## Count V
### (vs. Mr. Lupo for Injunctive Relief)

34. Mr. Lupo  re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 33 of this Counterclaim and incorporates herein as if fully set forth.

35. Mr. Lupo does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 35 of the Bank's Amended Answer. To the extent that Mr. Lupo needs to respond to this paragraph Mr. Lupo admits that it is Sheryl Lupo, and not Mr. Lupo, who has defaulted under the terms of the alleged VISA Platinum Account and the Cardholder Agreement.

36. Denied. Furthermore, Mr. Lupo denies the Bank's allegations that paragraph 36 was made "on information and belief" as Mr. Lupo has produced hard evidence to show that he is not in arrears and is not in possession of goods, effects or credits of Sheryl Lupo in the sum up to $102, 500 plus interest or any other amount (see Exhibit C).

37. Denied. Mr. Lupo does not owe funds to Sheryl Lupo.

38. Denied. Mr. Lupo does not owe funds to Sheryl Lupo.

39. Denied. Mr. Lupo does not owe funds to Sheryl Lupo. Furthermore, Mr. Lupo states that his conduct is not such that the Bank can reasonably make the inferences that it has in its paragraph 39. It is not reasonable to assume that Mr. Lupo, if he did owe monies to Sheryl Lupo which he most certainly does not, would transfer, assign, encumber, pledge or conceal any alleged assets of Sheryl Lupo. Mr. Lupo has always paid his obligations, and it was Mr. Lupo who approached the Bank to rectify this situation. It was not until the Bank refused to discuss this matter with Mr. Lupo or produce information on the alleged account that Mr. Lupo *brought the suit against the Bank*. Mr. Lupo is not attempting to run away from this account in any shape, form or manner. Mr. Lupo's behavior has been exemplary and the draconian measure of a reach and apply is not appropriate in these circumstances. Especially given the fact that Mr. Lupo does not owe Sheryl Lupo alimony in arrears, or any other monies and the fact that the Bank is well aware that he does not owe Sheryl Lupo any arrearage or other monies, and the fact that the Bank's statements made on "information and belief" are untrue and unfounded.

## AFFIRMATIVE DEFENSES

1. By way of an affirmative defense, the Bank's complaint fails to state a claim against Mr. Lupo upon which relief can be granted and should therefore be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6) and/or Rule 56.

2. By way of an affirmative defense, the Bank has failed to produce a signed contract or credit card agreement with Van Lupo and therefore have failed to prove a prima facie case on any of its counts.

3. By way of an affirmative defense, Mr. Lupo states that no act or omission on the part of Mr. Lupo was the cause of the injuries to the Bank.

4. By way of an affirmative defense, if the Bank did sustain an injury it was the result of actions caused by someone whose conduct Mr. Lupo was not and is not legally responsible.

5. By way of an affirmative defense, the Bank did not act in a commercially reasonable way. The Bank refused to produce a signed credit card application or any information on the alleged account in clear violation of federal law.

6. By way of an affirmative defense, Mr. Lupo did attempt to mitigate his damages by addressing the issue as soon as he was aware of it. The Bank would not cooperate until this lawsuit was filed.

7. By way of an affirmative defense, Mr. Lupo states that he never entered into a contract with Bank of America or Nations Banks on the alleged credit card account.

8. By way of an affirmative defense, Mr. Lupo did attempt to mitigate damages as said damages related to his credit history by calling and disputing this account, several times, with all appropriate credit reporting agencies/bureaus.

9. By way of an affirmative defense Mr. Lupo states that the Bank is not basing much of its allegations in Counts IV and V on "information and belief", in fact the Bank is in possession of information that directly proves that Mr. Lupo is not in arrears on any alimony payment. Thus Mr. Lupo is not subject to a reach and apply action.

## BANK'S CROSS-CLAIM AGAINST SHERYL LUPO

### Parties

1. Mr. Lupo is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph of the Bank's Cross-Claim.

2. Denied.

3. Denied.

### Count I
### (vs. Sheryl Lupo for Breach of Cardholder Agreement and VISA Platinum Account)

4. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 3 of this Cross-Claim and Paragraphs 1 – 39 of his Answer to the Amended Counterclaim and incorporates herein as if fully set forth.

5. The allegations, inferences and conclusions of law contained in Paragraph 5 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo admits that he was married to Sheryl Lupo on the dates mentioned in the Bank's cross-claim.

6. The allegations, inferences and conclusions of law contained in Paragraph 6 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo denies that any credit card was issued to him. Mr. Lupo further states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 6 as to when and if Sheryl Lupo opened a credit card account and therefore denies the allegations.

7. The allegations, inferences and conclusions of law contained in Paragraph 7 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 7 as to when and if Sheryl Lupo paid on the account from a joint checking account and therefore denies the allegations.

8. The allegations, inferences and conclusions of law contained in Paragraph 8 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo denies he had the alleged account and denies that it was

upgraded. Mr. Lupo further states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 8 as to when and if Sheryl Lupo upgraded the account and therefore denies the allegations.

9.  The allegations, inferences and conclusions of law contained in Paragraph 9 of the Cross-Claim are not directed against Mr. Lupo and therefore Mr. Lupo will not respond to this paragraph.

10. The allegations, inferences and conclusions of law contained in Paragraph 10 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo denies owing any responsibility to the Bank on the alleged credit card account. Mr. Lupo further states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 10 as to when and if Sheryl Lupo made a last payment on the account and therefore denies the allegations.

11. The allegations, inferences and conclusions of law contained in Paragraph 11 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo denies he was obligated under the Cardholder Agreement and Platinum VISA Account. Mr. Lupo further states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 11 as to whether Sheryl Lupo is so obligated and therefore denies the allegations.

12. The allegations, inferences and conclusions of law contained in Paragraph 12 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo denies that he is obligated or remains obligated under the Cardholder Agreement and Platinum VISA Account. Mr. Lupo admits that a Divorce Decree entered on July 29, 2002.

13. The allegations, inferences and conclusions of law contained in Paragraph 13 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond he states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in

Paragraph 13. Mr. Lupo further states that if any one is responsible for the alleged credit card account, it is Sheryl Lupo as the Bank asserts.

14. The allegations, inferences and conclusions of law contained in Paragraph 14 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond he states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 14. Mr. Lupo further states that if any one is responsible for the alleged credit card account, it is Sheryl Lupo as the Bank asserts.

## Count II
### (vs. Sheryl Lupo for Money Had and Received)

15. Mr. Lupo  re-avers and restates each of its response to the allegations contained in Paragraphs 1 - 14 of this Cross-Claim and Paragraphs 1 – 39 of his Answer to the Amended Counterclaim and incorporates herein as if fully set forth.

16. The allegations, inferences and conclusions of law contained in Paragraph 16 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo denies that any credit card was issued to him or that he benefited from said credit card. Mr. Lupo further states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations; inferences and conclusions of law contained in Paragraph 16 as to when and if Sheryl Lupo enjoyed any such benefits and therefore denies the allegations. Furthermore, the Bank's Exhibits 1 and 3 show nothing regarding Mr. Lupo. Exhibit 3 shows that Sheryl Lupo, and not Mr. Lupo requested an upgrade. Exhibit 1 shows a monthly account statement/bill from the bank. There are no charges on that statement, and none that show Mr. Lupo's alleged use of the account.

17. The allegations, inferences and conclusions of law contained in Paragraph 17 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond he states that he does not have sufficient knowledge or information to form a belief as to the truth of the allegations, inferences and conclusions of law contained in Paragraph 17. Mr. Lupo further states that if any one is responsible for the alleged credit card account, it is Sheryl Lupo as the Bank asserts. Furthermore, Mr. Lupo

never received a Demand for payment from the Bank or any other documentation
regarding the alleged account, prior to the inception of this lawsuit.

18. The allegations, inferences and conclusions of law contained in Paragraph 18 of the
    Cross-Claim are not directed against Mr. Lupo.  To the extent Mr. Lupo must respond
    he states that he does not have sufficient knowledge or information to form a belief as
    to the truth of the allegations, inferences and conclusions of law contained in
    Paragraph 18.  Mr. Lupo further states that if any one is responsible for the alleged
    credit card account, it is Sheryl Lupo as the Bank asserts.

### Count III
### (vs. Sheryl Lupo for Unjust Enrichment)

19. Mr. Lupo  re-avers and restates each of its response to the allegations contained in
    Paragraphs 1 through 18 of this Cross-Claim and Paragraphs 1 – 39 of his Answer to
    the Amended Counterclaim and incorporates herein as if fully set forth.

20. The allegations, inferences and conclusions of law contained in Paragraph 20 of the
    Cross-Claim are not directed against Mr. Lupo.  To the extent Mr. Lupo must respond
    to such allegations, Mr. Lupo denies that any credit card was issued to him or that he
    extended credit on said credit card.  Mr. Lupo further states that he does not have
    sufficient knowledge or information to form a belief as to the truth of the allegations;
    inferences and conclusions of law contained in Paragraph 20.  Mr. Lupo further states
    that if any one is responsible for the alleged extension of credit and funds it is Sheryl
    Lupo as the Bank asserts.

21. The allegations, inferences and conclusions of law contained in Paragraph 21 of the
    Cross-Claim are not directed against Mr. Lupo.  To the extent Mr. Lupo must respond
    he states that he does not have sufficient knowledge or information to form a belief as
    to the truth of the allegations, inferences and conclusions of law contained in
    Paragraph 21.  Mr. Lupo further states that if any one is responsible for the alleged
    credit card account, it is Sheryl Lupo as the Bank asserts.

## Count IV
### (vs. Sheryl Lupo to Reach and Apply Funds Owed by Mr. Lupo)

22. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 21 of this Cross-Claim and Paragraphs 1 – 39 of his Answer to the Amended Counterclaim and incorporates herein as if fully set forth.

23. Denied. Mr. Lupo is obligated to pay Sheryl Lupo per the amendment to the Marital Settlement Agreement. See Exhibit B. Furthermore, Mr. Lupo denies the Bank's allegation that paragraph 23 was made "on information and belief" as Mr. Lupo has produced evidence to the Bank to show that there was an amendment to the Marital Settlement Agreement. See Exhibit C.

24. Mr. Lupo denies the Bank's allegation that paragraph 24 was made "on information and belief" as Mr. Lupo has produced evidence to the Bank to show that there was an Amendment to the Marital Settlement Agreement. See Exhibit C. Mr. Lupo further denies that he owes Sheryl Lupo any monies. Admitted in that Mr. Lupo has made monthly payments to Sheryl Lupo in the amount of $500 per month.

25. Denied in that Mr. Lupo does not owe Sheryl Lupo any monies. Admitted in that it is Sheryl Lupo's obligation to the Bank and not Mr. Lupo's obligation.

26. Denied in that Mr. Lupo does not owe Sheryl Lupo any monies.

## Count V
### (vs. Sheryl Lupo for Injunctive Relief)

27. Mr. Lupo re-avers and restates each of its response to the allegations contained in Paragraphs 1 through 26 of this Cross-Claim and Paragraphs 1 – 39 of his Answer to the Amended Counterclaim and incorporates herein as if fully set forth.

28. The allegations, inferences and conclusions of law contained in Paragraph 28 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond to such allegations, Mr. Lupo admits that Sheryl Lupo, and not Mr. Lupo, defaulted under the terms of her VISA Platinum Account and the Cardholder Agreement.

29. The allegations, inferences and conclusions of law contained in Paragraph 29 of the Cross-Claim are not directed against Mr. Lupo. To the extent Mr. Lupo must respond he states that he does not have sufficient knowledge or information to form a belief as

to the truth of the allegations, inferences and conclusions of law contained in
Paragraph 29.

30. Denied in that Mr. Lupo does not owe any monies to Sheryl Lupo. As to the rest, Mr.
Lupo states that the allegations, inferences and conclusions of law contained in
Paragraph 30 of the Cross-Claim are not directed against Mr. Lupo. To the extent
Mr. Lupo must respond he states that he does not have sufficient knowledge or
information to form a belief as to the truth of the allegations, inferences and
conclusions of law contained in Paragraph 30.

31. Denied. Mr. Lupo does not owe funds to Sheryl Lupo. Furthermore, Mr. Lupo states
that his conduct is not such that the Bank can reasonably make the inferences that it
has in its paragraph 31. It is not reasonable to assume that Mr. Lupo, if he did owe
monies to Sheryl Lupo which he most certainly does not, would transfer, assign,
encumber, pledge or conceal those alleged assets of Sheryl Lupo. Mr. Lupo has
always paid his obligations, and it was Mr. Lupo who approached the Bank to rectify
this situation. It was not until the Bank refused to discuss this matter with Mr. Lupo
or produce information on the alleged account that Mr. Lupo *brought this suit against
the Bank.* Mr. Lupo is not attempting to run away from this account in any shape,
form or manner. Mr. Lupo's behavior has been exemplary and the draconian measure
of a reach and apply is not appropriate in these circumstances, especially given the
fact that Mr. Lupo does not owe Sheryl Lupo alimony in arrears, and the fact that the
Bank is well aware that he does not owe Sheryl Lupo said arrearage and that the
Bank's statements made on "information and belief" are untrue and unfounded.

## BANK'S DEMANDS

1. Mr. Lupo denies that the relief sought in the paragraph 1 of the Bank's demands is reasonable. Mr. Lupo prays this Honorable Court will deny said Demand.

2. Mr. Lupo denies that the relief sought in the paragraph 2 of the Bank's demands is reasonable. Mr. Lupo prays this Honorable Court will deny said Demand.

3. Mr. Lupo denies that the relief sought in the paragraph 3 of the Bank's demands is reasonable. Mr. Lupo prays this Honorable Court will deny said Demand.

4. Mr. Lupo denies that the relief sought in the paragraph 4 of the Bank's demands is reasonable. Mr. Lupo prays this Honorable Court will deny said Demand.

5. Mr. Lupo denies that the relief sought in the paragraph 5 of the Bank's demands is reasonable. Mr. Lupo prays this Honorable Court will deny said Demand.

6. Mr. Lupo denies that the relief sought in the paragraph 6 of the Bank's demands is reasonable. Mr. Lupo prays this Honorable Court will deny said Demand.

7. Mr. Lupo prays that this court enter such relief as it deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Lupo demands a trial by jury on all counts, claims, counter-claims and cross-claims.

WHEREFORE, Mr. Lupo prays for judgment denying all relief requested by Bank of America, N.A. (USA) and dismissing all its Counterclaims with prejudice and awarding Mr. Lupo the costs of this action, reasonable attorney fees, and such further and other relief as is found just and proper.

Respectfully submitted,

Van A. Lupo
Defendant-in-Counterclaims
BY HIS ATTORNEY


Jill C. Shedd
(BBO# 652488)

430 Franklin Village Drive
#212
Franklin, MA.  02038

508-720-9267          phone
508-473-3817          fax

jshedd@sheddlaw.com


Dated: April 22, 2006

## CERTIFICATE OF SERVICE

I, Jill C. Shedd, the attorney of record for the Plaintiff Van A. Lupo, hereby certify that I served the below named parties with Van Lupo's Answer to Bank of America's Verified Answer to the Amended Complaint of Van Lupo, Amended Counterclaim and Cross-Claim Against Sheryl Lupo via US First Class Mail

1. E. Macey Russell, Esq.
   Choate, Hall & Stewart, LLP
   Two International Place
   100-150 Oliver Street
   Boston, MA.  02110
   671-248-5000

2. Sheryl Lupo
   c/o Shirley Stroner
   9081 Aloha Drive
   Huntington Beach, CA  92646


Jill C. Shedd

Dated:  April 22, 2006